Nos. 31,589 and 31,594
(Consolidated)

AARON SAYRE, and DONALD SAYRE, a Minor, by His Mother and Next Friend, HELEN SAYRE, *Appellees*, v. IRA E. MALCOM, *Appellant*.

(31 P. 2d 8.)

Opinion filed April 7, 1934.

*John Bertenshaw* and *Kirke C. Veeder*, both of Independence, for the appellant.

*W. N. Banks, O. L. O'Brien* and *Walter L. McVey*, all of Independence, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages for personal injuries sustained in an automobile casualty. Defendant's demurrer to the

petition was overruled, and he has appealed. The sole question before us is whether the petition states a cause of action under our statute, which reads:

"That no person who is transported by the owner or operator of a motor vehicle, as his guest, without payments for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or damage, unless such injury, death or damage shall have resulted from the gross and wanton negligence of the operator of such motor vehicle." (R. S. 1933 Supp. 8-122b.)

The pertinent portions of the petition are: That plaintiff was defendant's guest riding in an automobile owned and operated by defendant, which was being driven south on U. S. highway No. 160 at a speed of about thirty-five miles per hour. It was a clear day, and the highway was unobstructed by other traffic. The traveled portion of the highway is about twenty-seven feet wide, but at the point of the casualty there is a culvert across the highway with abutments three and one-half feet high, about twenty feet apart, one on each side of the highway. It is then alleged:

"That defendant is guilty of gross and wanton negligence toward plaintiff as follows: That the said defendant with careless and reckless disregard for the safety of the plaintiff, drove said car to the south, approaching said culvert on the right-hand side of the road, and while driving carelessly and negligently took his eyes off the road when he was about seventy-five feet north of said culvert and without just cause or excuse continued to drive said car at said high rate of speed, without having his eyes upon or looking at the road or observing where he was going, and in a careless, gross and wantonly negligent manner drove said automobile, without slacking or controlling the speed thereof, into and against the left-hand side of said abutment or railing, striking the side of the left front wheel of the car against said railing and thereby causing injury to said plaintiff as hereinafter set out."

In *Stout v. Gallemore*, 138 Kan. 385, 26 P. 2d 573, it was held the statute above quoted relieves the operator of an automobile from liability to his guest resulting from negligence, as that term is distinguished from wantonness. Cases are there cited distinguishing wantonness, as the term was used, from negligence, and pointing out that conduct properly characterized under these terms differs not in degree, but in kind, the one denoting lack of due care under the circumstances, the other denoting conscious or intentional misconduct from which injury to someone is likely to result and with a reckless disregard of such consequence. (*K. P. Rly. Co. v. Whipple*, 39 Kan. 531, 18 Pac. 730; *Railway Co. v. Walters*, 78 Kan. 39,

96 Pac. 346; *Railway Co. v. Lacy*, 78 Kan. 622, 629, 97 Pac. 1095; *Railway Co. v. Baker*, 79 Kan. 183, 189, 98 Pac. 804; *Senning v. Interurban Railway Co.*, 101 Kan. 78, 81, 165 Pac. 863; *Fabac v. St. Louis & S. F. Rly. Co.*, 119 Kan. 58, 63, 237 Pac. 1019.)

Bared of the terms used to characterize the defendant's conduct the petition alleges that he negligently took his eyes off the road when he was about seventy-five feet from the culvert and continued to drive without observing where his car was going and without slackening his speed, for about one and a half seconds, during which time the car veered to the left side of the road and against the culvert. There is no allegation that defendant purposely drove his car into the culvert, with a reckless disregard of consequences to his guests, being indifferent as to whether he injured them or how seriously. It is not even alleged that he was conscious of the fact that his car was veering to the left of the highway and against the culvert. The petition alleged nothing more than a momentary lack of attention on the part of defendant, which could be nothing more than lack of due care, or negligence.

Appellee realizes the force of our decision in *Stout v. Gallemore*, supra, but contends the court there relieved the host of liability to a greater extent than the legislature intended by the use of the words "gross and wanton negligence" in the statute above set out, and argues that by the use of those words the legislature created a degree of negligence not then recognized in this state. We considered that thought in the consideration of the case referred to, and have again considered it in the light of the argument in this case, and adhere to our interpretation given the statute in *Stout v. Gallemore*, supra.

The result is, the judgment of the court below must be reversed with directions to sustain the demurrer to the petition. It is so ordered.

SMITH, J. (dissenting): I find myself unable to agree with the opinion of the majority. The petition alleged that defendant was driving at the rate of thirty-five miles an hour; that while driving at that rate he took his eyes off the road and continued to drive at the same rate until he struck the culvert, a distance of seventy-five feet, with his eyes off the road all the time. The fact that he was driving fast enough that a collision with the culvert had the disastrous consequences that are pleaded in the petition is enough to convince me that the act of continuing the speed, together with the act

of taking his eye off the road, comes within the characterization of reckless disregard of consequences, which the courts have held was necessary to constitute wanton negligence.