No. 31,667

Melvin Ewing and Leah Ewing, His Wife, *Appellees*, v. Gordon
Edwards, a Minor, *Appellant*.

(36 P. 2d 1021)

Opinion filed November 3, 1934.

*T. M. Lillard, O. B. Eidson, Olin Buck,* all of Topeka, and *R. M. Emery, Jr.,* of Seneca, for the appellant.

*Walker F. Means* and *Lloyd S. Miller,* both of Hiawatha, for the appellees.

The opinion of the court was delivered by

Smith, J.: This was an action to recover damages for the death of the daughter of plaintiffs, who sustained injuries while riding in an automobile as a guest of defendant on September 30, 1931. Judgment was for plaintiffs. Defendant appeals.

The defendant had attended a picnic with some other young people. When they started to return to town a young lady was invited by defendant to drive the car. Sitting next to her in the front seat was the deceased, next to her and on the extreme right of the driver's seat was defendant. That made three people in the front seat. In the rear seat was the chaperon and another young lady. They took the chaperon home and then went for a ride. Somewhere in town they saw another car of young people who had been at the picnic. They started to overtake this car. It left town on a main-traveled highway, and the car in this case followed. This car was going about 30 miles an hour when it turned onto the main highway. It continued at that speed for approximately a quarter of a mile to

the top of the first grade, directly east of Sabetha, Kan., on U. S. federal highway No. 36. At that point the car ahead was gaining some on the Edward's car and Gordon Edwards, the defendant in this case, in an attempt to keep in sight of it, pulled out the hand throttle, located at the right of the center of the dashboard. By pulling this hand throttle the flow of the gasoline to the carburetor was enlarged, and the engine accelerated, increasing the speed of the car. The car was going forty-five miles an hour when it reached the bottom of the hill. As the car was going down the hill the driver lost control of it. It swerved to the right-hand side of the road, then back to the left-hand side, going into the ditch, traveling about forty or fifty feet, then out into the road again, after which it turned over. The daughter of plaintiffs was injured so severely that she died later. The car belonged to the father of defendant. His mother had granted him permission to use it.

The case is clearly within the provisions of R. S. 1933 Supp. 8-122b. That section is as follows:

"That no person who is transported by the owner or operator of a motor vehicle, as his guest, without payments for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or damage, unless such injury, death or damage shall have resulted from the gross and wanton negligence of the operator of such motor vehicle."

The "gross and wanton negligence" upon which plaintiffs depend is the act of defendant in pulling out the throttle of the car, thereby increasing its speed.

This statute was considered by this court in *Stout v. Gallemore,* 138 Kan. 385, 26 P. 2d 573.

There have been cases heretofore decided by this court where it was necessary that conduct be held to be wanton in order for plaintiffs to recover. In these cases it has been held that the term implied conduct different in kind from negligence. The case of *Railway v. Baker,* 79 Kan. 183, 98 Pac. 804, was such a case.

In the case of *Stout v. Gallemore,* supra, the court quoted from the opinion in that case.

" 'The duty there referred to, the disregard of which amounts to wantonness, is manifestly that which arises only when the person charged with dereliction had knowledge of the danger or of the facts which impute that knowledge to him. . . Although what is really reckless and wanton misconduct is sometimes spoken of as gross negligence, the expression is everywhere recognized as inaccurate and unfortunate, because it seems to imply a difference only of degree. . . For the same reason the phrase "reckless and wanton

negligence" has a misleading tendency. One who is properly charged with recklessness or wantonness is not simply more careless than one who is only guilty of negligence; his conduct must be such as to put him in the class with the willful doer of wrong. The only respect in which his attitude is less blameworthy than that of the intentional wrongdoer is that instead of affirmatively wishing to injure another he is merely willing to do so. The difference is that between him who casts a missile intending that it shall strike another and him who casts it where he has reason to believe it will strike another, being indifferent whether it does so or not.' " (p. 392.)

See, also, *Sayre v. Malcom*, 139 Kan. 378, where the statute is again construed and.the rule in the Stout case followed.

Having reached this conclusion, we will examine the record in this case with the idea of finding whether defendant was guilty of wantonness. We will state the facts as favorably to plaintiffs' contention as possible. Defendant invited the young lady to drive;. he knew she was not an experienced driver and he knew about the condition of the road at the foot of the hill. There is a slight dispute in the evidence about when the throttle was pushed back in, but taken in the light most helpful to the plaintiffs it was done some time after the car started down the hill.

We will take into consideration the fact that deceased said something to defendant about shutting off the gas and to shut up, behave himself and sit over on his side of the seat.

The argument of plaintiffs is that knowing all these things it was wantonness on the part of defendant to pull out the throttle and thus take control of the speed of the car away from the driver. We cannot so hold.

The only act of which plaintiffs complain is the pulling out of the throttle. This is not such an act as would evince, on the part of defendant, a willingness that this car should get beyond control of the driver. Nor was the speed finally reached by the car so great as to indicate such a state of mind on the part of defendant.

Plaintiffs point out answers to special questions where the jury found that the conduct of defendant constituted "gross and wanton negligence." It is argued that since this finding is sustained by some substantial evidence it settles the matter. We cannot agree with this. Giving the plaintiffs the benefit of all inferences that may be drawn, and deciding all disputed questions in favor of plaintiffs, still the charge of wantonness has not been shown. In *McCullough v. Railway Co.*, 94 Kan. 349, 146 Pac. 1005, it was held necessary that wantonness be shown in order to sustain a verdict for ex-

emplary damages. This court examined the record and held that it was not sufficient to justify such a finding. In *Railway Co. v. Lacy,* 78 Kan. 622, 97 Pac. 1025, the same burden was on plaintiff. There the jury found, by its verdict, that the defendant was guilty of wantonness. The court examined the record and held that the mere fact that a collision occurred was not *prima facie* evidence that it occurred wantonly. The court said:

"There must be some fact or circumstance in evidence from which the natural or reasonable inference arises that it was caused by the reckless or wanton conduct of some one. While negligence may be inferred from other facts in evidence, the inference must be a natural and reasonable one." (p. 626.)

It was held that there the evidence of plaintiff did not meet the requirement.

To the same effect is *C. B. U. P. Rld. Co. v. Henigh,* 23 Kan. 347; *K. P. Rly. Co. v. Whipple,* 39 Kan. 531, 18 Pac. 730; *K. C. Ft. S. & G. Rld. Co. v. Kier,* 41 Kan. 671, 21 Pac. 770; *Campbell v. K. C. Ft. S. & M. Rld. Co.,* 55 Kan. 536, 40 Pac. 997; *Railway Co. v. Cooper,* 57 Kan. 185, 45 Pac. 567.

We therefore conclude that the demurrer of defendant to the evidence of plaintiffs should have been sustained, and the answer to special question 2 should have been stricken out because it was not sustained by the evidence.

The judgment of the district court is reversed with directions to enter judgment for defendant.

THIELE, J., not sitting.