## No. 32,082

STEPHEN EDWARD ADUDDELL, a Minor, by I. E. ADUDDELL, His Father and Next Friend, *Appellant,* v. ROBERT BRIGHTON, *Appellee.*

(42 P. 2d 555)

Opinion filed April 6, 1935.

*Thomas J. Brown, Thomas C. Swanson* and *Charles R. Cooksey,* all of Kansas City, Mo., for the appellant.

*A. R. Lamb, Clement A. Reed* and *Dallas W. Knapp,* all of Coffeyville, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages growing out of an automobile wreck. Judgment was for defendant. Plaintiff appeals.

Plaintiff was a guest riding in the car of defendant at the time of the injury. The petition alleged that defendant while operating his car on a "black mat" type of highway at about 2 a. m., operated it with headlights that were not reasonably serviceable, in that on that type of pavement they could not reveal obstructions such as live stock a distance of more than 75 to 100 feet, and that defendant operated his automobile at a speed of approximately forty to fifty miles per hour.

The petition alleged further that because of the above facts defendant struck a herd of cattle and failed to hold the car under control and crashed into a highway culvert wall, injuring plaintiff.

The petition then alleged defendant knew the surrounding country was a farming country, and that stray and uncontrolled live stock would likely be on the highway, and he knew, or should have known, that at any speed in excess of twenty-five miles per hour he would likely strike such obstructions.

The petition characterized the conduct of defendant as "gross and wanton negligence." At the trial counsel made his opening statement about as it has been given here. He made the further statement that is not in his petition, as follows:

"The evidence will be that he did not apply his brake, or do anything in that nature, or anything that would slacken his speed or stop this automobile, but took a chance on going out on the shoulder and going through a hole, I believe the evidence will show, that he thought was wide enough for him to get through, and in taking that chance he ran over on the shoulder, and suddenly was confronted with a culvert and tried to turn sharply back into the road and struck the culvert."

On motion, judgment was given for defendant in the pleadings and opening statement. From that judgment this appeal is taken.

The theory upon which the judgment was entered is that the petition and opening statement did not state facts from which it could be said that the defendant was guilty of reckless and wanton conduct essential to recovery under the provisions of R. S. 1933 Supp. 8-122b. Plaintiff maintains that for defendant to drive a car on a black mat type of highway, at a speed of forty or fifty miles an hour, with headlights that would not reveal objects a distance of more than 75 to 100 feet, is wantonness.

We are not wanting in statements of what shall constitute wantonness. In *Stout v. Gallemore*, 138 Kan. 385, 26 P. 2d 573, this court,

in construing this statute, quoted and approved the language used in *Railway Co. v. Baker,* 79 Kan. 183, 98 Pac. 804, as follows:

"The duty there referred to, the disregard of which amounts to wantonness, is manifestly that which arises only when the person charged with dereliction has knowledge of the danger or of the facts which impute that knowledge to him. . . . Although what is really reckless and wanton misconduct is sometimes spoken of as gross negligence, the expression is everywhere recognized as inaccurate and unfortunate, because it seems to imply a difference only of degree. . . . For the same reason the phrase 'reckless and wanton negligence' has a misleading tendency. One who is properly charged with recklessness or wantonness is not simply more careless than one who is only guilty of negligence; his conduct must be such as to put him in the class with the willful doer of wrong. The only respect in which his attitude is less blameworthy than that of the intentional wrongdoer is that instead of affirmatively wishing to injure another he is merely willing to do so. The difference is that between him who casts a missile intending that it shall strike another and him who casts it where he has reason to believe it will strike another, being indifferent whether it does so or not." (p. 189.)

In *Sayre v. Malcolm,* 139 Kan. 378, 31 P. 2d 8, the question was again considered. The court said:

"In *Stout v. Gallemore,* 138 Kan. 385, 26 P. 2d 573, it was held the statute above quoted relieves the operator of an automobile from liability to his guest resulting from negligence, as that term is distinguished from wantonness. Cases are there cited distinguishing wantonness, as the term was used, from negligence, and pointing out that conduct properly characterized under these terms differs not in degree, but in kind, the one denoting lack of due care under the circumstances, the other denoting conscious or intentional misconduct from which injury to someone is likely to result and with a reckless disregard of such consequence." (p. 379.)

In *Ewing v. Edwards,* 140 Kan. 325, 36 P. 2d 1021, after quoting various authorities on the question, the court said:

"The only act of which plaintiffs complain is the pulling out of the throttle. This is not such an act as would evince on the part of defendant a willingness that this car should get beyond control of the driver. Nor was the speed finally reached by the car so great as to indicate such a state of mind on the part of defendant." (p. 327.)

We see from these authorities that this court has consistently held that for the conduct of a defendant to constitute a basis for a cause of action under the statute it must show such a reckless disregard of consequences as to evince a willingness that some harmful result will flow therefrom.

In considering the question of whether the conduct described in the petition evinces such a willingness, we must consider it in the

light of what is the general practice of drivers of automobiles. When that criterion is applied, we have no difficulty in concluding that the conduct as described did not show any such attitude. Indeed, it is doubtful if the conduct would even be negligence.

In the opening statement counsel made the statement that when confronted with the cattle defendant did not apply his brakes and attempt to stop, but attempted to go through a hole, and thereby lost control of his car. It was maintained in the oral argument that this added circumstance would make the defendant liable under the statute. All this shows is that in the second or two in which the defendant had to act, he took what seemed to him the safest course. Whether it was the safest or not, no one will ever know. At any rate, his taking it does not make him guilty of reckless and wanton conduct.

The judgment of the trial court is affirmed.