No. 32,274

IDA E. MURRELL, *Appellant*, v. A. P. JANDERS, *Appellee*.

(44 P. 2d 218)

Opinion filed May 4, 1935.

*J. S. Simmons, Alva L. Fenn, Herbert E. Ramsey* and *Stuart Simmons*, all of Hutchinson, for the appellant.

*A. C. Malloy, Roy C. Davis, Warren H. White* and *Frank S. Hodge*, all of Hutchinson, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an order of the trial court sustaining a demurrer to plaintiff's petition in an action by a guest against her host for personal injuries sustained in an automobile casualty. The question presented is whether the petition states a cause of action under our so-called guest statute, R. S. 1933 Supp. 8-122b.

A preliminary question must be considered. Defendant's demurrer to the petition was at first overruled. Defendant answered. Later defendant obtained permission of the court to withdraw his answer and refile his demurrer. This was done, and the demurrer was sustained. In the meantime plaintiff's deposition was taken by her counsel, as her home is in Texas. On this appeal appellee, in a counter-abstract, has abstracted this deposition, and contends plaintiff's testimony is less favorable to her than the allegations of her petition. Appellant contends the counter-abstract is no part of a proper record on this appeal and that it should be stricken. The point is well taken. The only proper record on this appeal consists of the petition, the demurrer thereto, the journal entry of the ruling of the court thereon, and the notice of appeal.

Briefly, it is alleged in the petition that on October 15, 1932, plaintiff, then about 55 years of age, and not accustomed to handling

automobiles, was riding in an almost new Hudson automobile owned and driven by her nephew, the defendant, and as his guest, from Wichita to Hutchinson, on a paved state highway, on which the traffic was quite heavy. She occupied the left side of the back seat; also, defendant's wife and his mother were in the automobile. As they neared Hutchinson there were dwellings near the highway with driveways leading to them. Defendant was accustomed to driving along this highway and knew the danger of accidents thereon, especially in approaching and passing other cars. Despite this knowledge, and in disregard thereof, and with total lack of care and consideration for those riding with him and in other cars on the highway, he intentionally drove his car at the negligent and wanton speed of 60 to 70 miles per hour; that so driving west on the highway a car driven by one Rupard, with a car in front of it and one behind it, approached on the highway from the west; that when about 600 feet from defendant's car Rupard turned to the left to enter a farmyard driveway on the north side of the highway; that when Rupard had turned far enough to his left to enable him to see past the car in front of him, and to see defendant's car approaching, he turned back to his right side of the pavement, and practically had his car across the middle line of the pavement and on the south side thereof when defendant's car came to the point of passing the Rupard car; that defendant had plenty of room on the pavement to pass the Rupard car on the north side thereof, but because of his high speed and reckless driving, hereinbefore stated, defendant was either unable, because of his speed and inattention, to control his car, or else carelessly, negligently and wantonly failed to give any attention or make any effort to control his car, and the left fender came in contact with the left side of the Rupard car, and after passing the Rupard car turned farther to the left and came in contact with the right side of the car following the Rupard car, and went off the highway on the south side, and overturned, and that as a result plaintiff sustained serious described injuries, for which she seeks to recover.

The statute in question reads:

"That no person who is transported by the owner or operator of a motor vehicle, as his guest, without payments for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or damage, unless such injury, death or damage shall have resulted from the gross and wanton negligence of the operator of such motor vehicle." (R. S. 1933 Supp. 8-122b.)

In *Stout v. Gallemore*, 138 Kan. 385, 26 P. 2d 573, this statute was construed to relieve the operator of an automobile from liability to his guest resulting from negligence, as that term is distinguished from wantonness, which terms were used in harmony with prior decisions. Later cases have given the statute the same construction. (*Sayre v. Malcom*, 139 Kan. 378, 31 P. 2d 8; *Ewing v. Edwards*, 140 Kan. 325, 36 P. 2d 1021; *Aduddell v. Brighton*, 141 Kan. 617, 42 P. 2d 555.)

Other cases referring to the statute are: *Howse v. Weinrich*, 133 Kan. 132, 298 Pac. 766; *Hartman v. Orcutt*, 139 Kan. 785, 33 P. 2d 133; *Pool v. Day*, 141 Kan. 195, 40 P. 2d 396.

Appellant argues that by the use of the words "gross and wanton negligence" in the statute (R. S. 1933 Supp. 8-122b) the legislature intended to create a degree of negligence not previously recognized in this state. That specific point was made in *Sayre v. Malcom*, supra, and was decided adverse to appellant's contention.

The meaning of the statute cannot be modified by exaggerated terms used to describe conduct; to do so would be to destroy the statute (*Stout v. Gallemore*, supra, p. 393). Eliminating such characterizing terms, the petition alleges: Defendant, accustomed to driving cars and familiar with the highway, in his almost new car, was driving rapidly on a paved state highway; three cars were approaching on their proper side of the pavement, the second following the first, the third following the second; when defendant was about 600 feet from the middle car it turned to the left to cross the pavement, then turned back toward its right-hand side of the highway, but was not entirely across the center line of the highway when defendant came to pass it; there was plenty of room on defendant's side of the pavement for him to pass the other car without striking it, but either because of his speed or his inattention he was unable to control his car, or because he failed to give any attention or make any effort to control his car, it came in contact with the other car, starting a chain of events, with the result that his car was overturned and plaintiff was injured. This charges nothing more than lack of due care, which is negligence. The statute relieved defendant from liability for such negligence.

The judgment of the trial court is affirmed.