[S. F. No. 15471. In Bank.—April 30, 1936.]

PAUL A. BELSER, Appellant, v. THE AMERICAN TRUST COMPANY, Executor, etc., et al., Respondents.

J. E. White for Appellant.

Heller, Ehrman, White & McAuliffe, McKinstry & Haber and Peirce Coombes for Respondents.

LANGDON, J.—This is an action to quiet title to real property. In May, 1925, Julius Henry Belser and plaintiff, his son, purchased the property in question for $7,750. The father paid $7,000, and plaintiff and his wife paid $750. The deed from the vendors was made to the father as grantee, and so recorded. The father died April 18, 1930. In his safe deposit box was found an instrument in the form of a gift deed of the property from the father to plaintiff, dated October 19, 1926.

Plaintiff brought an action in the superior court against the executor of his father's estate to quiet title to the property. The lower court found that there had been no delivery of the purported deed to plaintiff, and gave judgment for the defendant executor, which was affirmed on appeal. (*Belser* v. *American Trust Co.*, 125 Cal. App. 344 [13 Pac. (2d) 951].)

Subsequently, plaintiff brought the present action with the same object, but relying upon a purported earlier gift deed alleged to have been delivered to him on May 4, 1925, the same day the property was purchased from the original owners. Plaintiff testified that this earlier deed was returned to his father a few days later for safekeeping, and that his father destroyed it, telling him that he would substitute another one for it. The evidence shows, however, that plaintiff agreed to pay a monthly rental of $35 to his father for the use of the property, and made regular payments for some time. The deceased's ledger showed these charges, and also indicated certain defaults in payment. The witness Callahan testified to a conversation with plaintiff at the time of his father's funeral in which plaintiff said: "I wonder what my father did with the Piedmont property?" In this conversation plaintiff made no reference to a gift deed, but asserted that he had put some money into the purchase, and remarked: "I am going to see that I get it back."

The lower court found that there was no intent on the part of the deceased to part with title by said purported gift deed. Judgment was given in favor of plaintiff for a

3/31 undivided interest in the property (representing the $750 contributed by him toward the purchase price); and also decreeing a lien upon all of the property in the sum of $903.23, together with interest at 7 per cent from June, 1925, for improvements on the property made by plaintiff with the consent of the deceased.

The judgment is supported by substantial evidence, and is accordingly affirmed.

Curtis, J., Waste, C. J., Shenk, J., Conrey, J., and Seawell, J., concurred.