No. 36,717

JACK DON CECIL LEABO, JR., a Minor, by Jack Don Cecil Leabo, Sr., his father and next friend, *Appellant*, v. F. W. WILLETT, as Administrator of the Estate of WILLIAM E. WILLETT, deceased, *Appellee*.

(175 P. 2d 109)

Opinion filed December 7, 1946.

*John P. Flinn*, of Newton, argued the cause, and *Alden E. Branine* and *Fred Ice*, both of Newton, were with him on the briefs for the appellant.

*Carl I. Winsor*, of Wichita, argued the cause, and *Harlin E. Bond* and *Rupert Teall*, both of Wichita, and *J. G. Somers*, of Newton, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action to recover damages under our guest statute. A demurrer was sustained to the petition of the plaintiff and from that ruling the plaintiff appeals.

The action was instituted for the plaintiff, Jack Don Cecil Leabo, Jr., a minor, by Jack Don Cecil Leabo, his father and next friend, against F. W. Willett, administrator of the estate of William E. Willett, deceased. The deceased was the driver of the car and the son of F. W. Willett. The automobile belonged to the father of the deceased. The deceased had driven the car with the consent and permission of his father and had invited the minor plaintiff and some other boys to ride with him as his guests. They had driven to a farm house near Newton commonly known and designated as the "haunted house." Thereafter they started to drive to the Newton airport.

In addition to the foregoing facts the petition alleged:

". . . that at a point approximately six (6) miles North and East of the City of Newton said William E. Willett, now deceased, who was then and there operating and driving said automobile, lost control thereof and ran off the highway and into and against a telephone pole at the left side of the highway, seriously injuring and damaging said petitioner as hereinafter stated . . . That the road or highway upon which said automobile was being operated by the said William E. Willett at the time said accident occurred was an unimproved dirt highway with crooked wheel ruts or tracks therein, which were approximately eight (8) to ten (10) inches deep. That said accident was the legal result of the gross and wanton acts and misconduct of the said William E. Willett in driving said automobile over said deeply rutted road or highway at a dangerous and excessive rate of speed, to wit: 65 to 70 miles per hour."

The action was originally filed in the probate court of Harvey county as a claim against the decedent's estate. Judgment was rendered against the defendant for a portion of the damage claimed and the defendant appealed to the district court. In the district court defendant, upon request, was granted leave to plead. He filed a general demurrer to the petition which was sustained. The sole question presented is whether the petition stated a cause of action under our guest statute, G. S. 1935, 8-122b, which provides:

"That no person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or damage, unless such injury, death or damage shall have resulted from the gross and wanton negligence of the operator of such motor vehicle."

It will be observed the injury must be the result of both gross and wanton negligence. Do the facts alleged in the petition disclose the operator of the vehicle was guilty of the kind of negligence required by the statute?

In order to render the operator of a vehicle liable in damages under our guest statute his conduct must be such as to denote conscious or intentional misconduct from which injury to someone is likely to result and with a reckless disregard of such consequences. (*Stout v. Gallemore,* 138 Kan. 385, 26 P. 2d 573; *Sayre v. Malcom,* 139 Kan. 378, 379, 31 P. 2d 8; *Ewing v. Edwards,* 140 Kan. 325, 326, 36 P. 2d 1021; *Aduddell v. Brighton,* 141 Kan. 617, 42 P. 2d 555; *Murrell v. Janders,* 141 Kan. 906, 44 P. 2d 218; *Anderson v. Anderson,* 142 Kan. 463, 50 P. 2d 995; *Cohee v. Hutson,* 143 Kan. 784, 57 P. 2d 135.)

In the Stout case, *supra,* we quoted with approval the definition of wantonness as contained in 40 Cyc. 294, as follows:

" 'Action without regard to the rights of others; a reckless disregard of the rights of others; reckless sport; willfully unrestrained action, running immoderately into excess; a licentious act by one man towards the person of another, without regard to his rights; *a conscious failure* to observe due care; a *conscious invasion* of the rights of another; an *intentional doing* of an unlawful act, knowing such act to have been unlawful; the *conscious failure* of one charged with a duty to exercise due care and diligence to prevent an injury *after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril,* and *being conscious* of the inevitable or probable results of such failure.' " (Our emphasis.) (p. 390.)

In the Sayre case, *supra,* the petition alleged defendant while driving his car took his eyes off the road when about seventy-five feet from a culvert, continued to drive his car at a high rate of speed and struck the culvert. We said:

"There is no allegation that defendant purposely drove his car into the culvert, with a reckless disregard of consequences to his guests, being indifferent as to whether he injured them or how seriously. It is not even alleged that he was conscious of the fact that his car was veering to the left of the highway and against the culvert. The petition alleged nothing more than a momentary lack of attention on the part of defendant, which could be nothing more than lack of due care, or negligence." (p. 380.)

In the Murrell case, *supra,* defendant was traveling at a speed of sixty to seventy miles per hour under dangerous conditions. The petition alleged he had knowledge of some of the dangerous conditions he was encountering. The facts are fully narrated in the opinion and need not be repeated here. The petition was held to state a cause of action for negligence only. See, also, allegations of the petition which were held demurrable in the Aduddell case, *supra.* The earlier cases have been reviewed in the later cases,

above cited, and we deem it unnecessary to extend this opinion by again restating the facts in each of the previous cases.

Appellant does not contend the petition alleged the injury was intentionally or wilfully inflicted. Was it otherwise sufficient? It will be observed the petition does not even allege the operator of the vehicle was familiar with the road or that he knew he was entering upon a dirt road before he did so. It fails to state the operator of the car was conscious of the actual dangers he was about to encounter and that, notwithstanding such knowledge of the hazardous conditions of the road, he intentionally drove onto it with utter disregard of the consequences to his guests. Nor does the petition allege the injury occurred after he had traveled on the road for any definite, or approximate, distance and had thus become conscious of its hazardous condition and the inevitable or probable results and nevertheless continued to travel thereon with reckless disregard of the consequences. Construed in its most favorable light, but stripped of all unnecessary verbiage, the petition, in substance, merely alleges the operator of the vehicle drove over the road in its condition as previously described at the rate of sixty-five to seventy miles per hour, lost control of the car and ran into the telephone pole and that such conduct was the legal cause of the injury. From all that appears in the petition the operator may have had no knowledge of the condition of the road whatever and the accident may have occurred after leaving a perfectly smooth highway and immediately upon entering the road in question. On the other hand, the accident may have occurred some time after entering upon the road but before its hazardous condition could be fully realized and before the operator, in the exercise of reasonable care, could have avoided the accident. The petition thus may be entirely sufficient to disclose negligent conduct but we think it clearly fails to state facts disclosing gross and wanton negligence.

Appellee further urges that in order to state a cause of action under the guest statute the petition must allege the guest exercised due care. Our statute does not expressly make that requirement and we think it cannot fairly be said to be included by implication. The failure of the guest to exercise reasonable care for his own protection is, of course, a proper defense if raised by the defendant. (*Koster v. Matson,* 139 Kan. 124, 30 P. 2d 107.) The failure of the guest to exercise due care for his own protection was carefully treated in the Koster case and such failure was said to satisfy the

definition of contributory negligence. The established rule in this jurisdiction is that contributory negligence is an affirmative defense which must be pleaded by the defendant in order to be available to him unless such negligence appears on the face of the petition. (*Horton v. Atchison, T. & S. F. Rly. Co.,* 161 Kan. 403, 416, 168 P. 2d 928,‘and cases therein cited.) Lack of due care on the part of the guest does not appear on the face of this petition and the demurrer on that point was not good. But as previously indicated herein the demurrer was properly sustained on another ground, and the order is affirmed.