No. 37,542

JOSEPHINE WALTON, *Appellee*, v. NOEL COMPANY, INC., *Appellant*.

(205 P. 2d 928)

Opinion filed May 7, 1949.

*Roy Kirby*, of Coffeyville, argued the cause, and *Clement H. Hall*, of Coffeyville, was with him on the briefs for the appellant.

*Walter L. McVey, Laurence McVey* and *Walter L. McVey*, all of Independence, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages alleged to have been sustained when plaintiff stepped into a hole in a sidewalk alleged to have been dug therein by agents of defendant, and left unguarded. Defendant's demurrer to plaintiff's petition was overruled and it has appealed.

The petition alleged that defendant was engaged in building a conduit beneath the level of a sidewalk and removed the sidewalk and dirt so that a hole existed for the width of the sidewalk, about two feet wide and five feet deep. The petition then contained an allegation, as follows:

"V

"That between twelve and one o'clock p. m., February 9, 1948 plaintiff was walking on the sidewalk on the north side of West 8th Street, Coffeyville,

Kansas, in an easterly direction; that the hole or cavity above mentioned had been abandoned by defendant's agents or servants and left in an unprotected, open and exposed condition without barricades or warning signs of any type or description; that plaintiff, not knowing of the existence of said hole and not seeing any barricades, warning sign, dirt pile or anything else to apprise or warn her of said hole, but instead seeing two vertical sticks about two feet apart looked up to see what the sticks were holding up, became blinded by the sun and fell in the hole above described."

The petition then set out the injuries plaintiff claimed to have suffered. The defendant was charged to have been negligent in failing to maintain barricades and failing to maintain warning signs. Judgment was asked in the amount of $3,000.

To this petition defendant filed a motion that plaintiff be ordered to make her petition more definite and certain in some seven particulars. The court sustained this motion in part by ordering her to state how far west of the hole she was when she first observed the two vertical sticks described in the petition and how far west of the hole she was when she looked up to see what the two vertical sticks were holding up.

Plaintiff complied with this order by alleging that she was approximately one foot west of the alleged hole when she first observed the two vertical sticks and approximately one foot or ten inches west of it when she looked up to see what the two vertical sticks were holding up.

To this petition defendant demurred on the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was overruled and defendant has appealed.

Defendant first argues that the petition does not state facts which constitute any negligence on its part. In this connection it cites the rule from 25 Am. Jur. 594 that the right of the public to free and unobstructed use of the highway is subject to the exception in the case of obstructions and holes of a temporary nature incidental to a lawful use of the highway. No one disputes the correctness of that rule. We all know it is necessary at times to dig up sidewalks and streets, to lay pipes or conduits or sometimes to repair the streets or sidewalks. This right to repair, however, must always yield to the duty of the party who is obstructing the street or sidewalk to erect suitable barracks or warning signs for the safety of travelers on the street or sidewalk. The omission to do this is the negligence with which plaintiff charges defendant.

The petition alleged there were two vertical sticks on each side of the hole. We cannot say that as a matter of law these two vertical sticks were sufficient warning signs or barracks to relieve defendant of liability for injuries to one who did not see this hole and stepped into it. The petition stated actionable negligence on the part of the defendant.

Defendant next argues that the petition was demurrable because it disclosed on its face that plaintiff was guilty of contributory negligence as a matter of law. Defendant in this connection argues that since its motion to require the plaintiff to make her petition more definite and certain was overruled, the petition must be strictly construed against the plaintiff. There is no doubt that this is the rule where the pleader successfully resists a motion to make definite and certain, which should have been sustained. Such is not the case here. The court sustained the motion in part and the plaintiff complied with the order. The other particulars in which defendant asked the petition be made more definite and certain concerned either a matter of evidence or were immaterial to the plaintiff's cause of action. A petition which fairly apprises defendant what plaintiff's claim is is not properly subject to a motion to make definite and certain and where such motion is properly resisted and overruled the rule of strict construction does not apply. (See *Henderson v. National Mutual Gas Co.*, 164 Kan. 109, 187 P. 2d 508; *Republic County v. Guaranty Co.*, 96 Kan. 255, 150 Pac. 590; and *McCroskey v. Manufacturing Co.*, 112 Kan. 434, 211 Pac. 133.)

Defendant next argues that because of the size of the hole and the condition of the weather, the hole was so obvious that it could have been observed with the most casual glance; that the petition did allege there were two vertical sticks extending above the sidewalk which served as a warning to plaintiff when she raised her eyes to observe them; that there were no obstacles or traffic which prevented her from observing the hole as she walked eastward and as plaintiff approached the hole she was not observing it and as she approached the hole she was not observing her general course but was walking with her eyes down. Defendant argues that the foregoing facts establish that plaintiff was not using her senses so as to avoid dangers which ordinary prudence would disclose.

We cannot place quite as strong an implication against plaintiff

on the facts pleaded as would warrant the above statement. The defendant in some particulars draws an inference against plaintiff from pleaded facts which the facts pleaded do not justify.

On considering a demurrer to the petition in *Haggard v. Lowden,* 156 Kan. 522, 134 P. 2d 676, we said:

"Defendants' demurrer to this petition having been sustained, the plaintiff appeals. In considering the questions presented we adhere to the rule that as against a demurrer, well-pleaded facts are assumed to be true, and the question is whether these facts, with all reasonable inferences to be drawn therefrom, constitute a cause of action." (p. 525.)

The defendant is entitled not only to the benefit of the facts pleaded but to all reasonable inferences that may be derived therefrom. (See *Jackson v. National Bank of Topeka,* 146 Kan. 424, 71 P. 2d 1057.)

Plaintiff was bound to exercise ordinary, reasonable care under all the surrounding facts and circumstances. She was entitled to presume, however, that the sidewalk would not have a hole in it. Where reasonable men might differ as to whether certain conduct was that of an ordinary, reasonable person, then the question is for the jury. (See *Keir v. Trager,* 134 Kan. 505, 7 P. 2d 49; *Deardorf v. Shell Petroleum Corp.,* 136 Kan. 95, 12 P. 2d 1103; and *Hill v. Southern Kansas State Lines Co.,* 143 Kan. 44, 53 P. 2d 923.)

Here the petition alleged that plaintiff observed the two vertical sticks when she was a foot or ten inches away from the hole. That would mean that she was actually in the act of stepping into the hole when she saw the sticks. She had no opportunity to avoid the injury from then on.

We hold that the demurrer to the petition was properly overruled.

The judgment of the trial court is affirmed.