No. 38,289

ODESSA FYNE, *Appellee,* v. S. EMMETT, *Appellant.*

(233 P. 2d 496)

Opinion filed July 3, 1951.

*Harold E. Doherty,* of Topeka, argued the cause, and *G. Clay Baker* and *John A. Bausch,* both of Topeka, were with him on the briefs for the appellant.

*Harry K. Allen,* of Topeka, argued the cause, and *L. M. Ascough,* of Topeka, was with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover damages for injuries sustained by plaintiff when an automobile in which she was riding as a guest struck a culvert and upset. The defendant's demurrer to plaintiff's amended petition was overruled and he appeals.

As the result of the sustaining, in part, of a motion to make definite and certain, the plaintiff filed an amended petition in which she alleged that on April 22, 1950, the defendant invited her and a friend to ride from a tavern near Topeka to her home in Topeka, and further,

"3. That plaintiff entered defendant's automobile and was riding in the rear seat and defendant started driving out of the driveway, increasing his speed as fast as the car would go, and entered California Avenue, a blacktop highway, and turned north and kept increasing the speed of the automobile and said speed of the car was in excess of 65 miles per hour.

"4. That defendant ignored plaintiff's request to slow defendant's car speed and that defendant immediately took his right hand off the steering wheel of the car and placed his hand on defendant's girl companion, who was riding in the front seat with defendant, and while said defendant's car was traveling at its highest speed of about 70 miles per hour, defendant steered or permitted said car to be driven off the road into a culvert upsetting said car and injuring this plaintiff, and this plaintiff does not know where defendant's left hand was.

"5. That defendant was guilty of gross and wanton negligence and said

negligence was the proximate cause of plaintiff's injuries, and the negligent acts of defendant are more particularly set out as' follows:

"(a) Defendant was intoxicated and under the influence of liquor and plaintiff had no knowledge of his being intoxicated or being unable to properly drive his car.

"(b) Defendant failed and refused to heed or obey a request to slow his vehicle's speed.

"(c) Defendant took his right hand off the steering wheel and placed it on his girl companion and failed to guide defendant's automobile.

"(d) Defendant did not control his car and allowed said vehicle, being driven at a fast rate of speed of about 70 miles per hour, to go off the highway and crash into a culvert, injuring plaintiff."

The remainder of the allegations pertains to plaintiff's injuries and damages and needs no attention here.

Defendant filed a motion that the amended petition be made more definite and certain in four particulars. In his abstract the defendant appellant states that the plaintiff amended her petition by interlineation, but there is no showing as to any ruling made on the motion. Thereafter defendant filed his demurrer on the ground the petition did not state facts sufficient to constitute a cause of action and the ruling thereon being adverse to him, he perfected his appeal to this court.

Appellant first directs attention to his motion to make definite and certain directed at the amended petition and urges that the appellee having successfully resisted that motion, the allegations of the amended petition are subject to strict construction. It is implicit in the rule stated that the motion was proper and should have been, but was not, sustained. Where the motion was properly resisted and denied the rule of strict construction does not apply. See *Walton v. Noel Co.*, 167 Kan. 274, 276, 205 P. 2d 928, and cases cited. Without detailed discussion, it may be said the information sought to be elicited by the motion was in part evidentiary in character rather than as to ultimate facts. The only instance otherwise was an attempt to have the appellee state the time she met the appellant at the tavern. Quite obviously the purpose was to obtain a statement from which it could be argued that the appellee had been with the appellant long enough to know he was intoxicated, as alleged, and knowing that, she was guilty of negligence in riding with him. Of course, had she pleaded such facts, the appellant could have taken advantage by demurrer, but there is no rule requiring a plaintiff to plead matter which ordinarily constitutes a defense to the claim asserted and which must be pleaded by a defendant if it is to be relied on.

Appellant's argument is premised on the proposition that his demurrer should have been sustained in that the use of the adjectives "gross and wanton" added nothing to the acts pleaded, citing *Bailey v. Resner,* 168 Kan. 439, 214 P. 2d 323, and that the facts alleged rather than any conclusions stated, must show that the defendant driver was guilty of gross and wanton negligence, citing *Anderson v. Anderson,* 142 Kan. 463, 50 P. 2d 995, and *Leabo v. Willett,* 162 Kan. 236, 175 P. 2d 109. Those rules are correct. The greatest portion of appellant's argument is devoted to a discussion of the allegation of his intoxication and of his effort to have the appellee make her petition more definite and certain to show that she had been with him a sufficient length of time that she must have known of his condition, a phase previously treated, and he then contends that this court in considering gross and wanton negligence under the guest statute (G. S. 1949, 8-122b) has held that intoxication is not evidence of gross and wanton negligence, citing *Srajer v. Schwartzman,* 164 Kan. 241, 188 P. 2d 971; that the fact he ignored appellee's request to slow down, did not constitute such negligence, citing *Ewing v. Edwards,* 140 Kan. 325, 36 P. 2d 1021; *Donelan v. Wright,* 148 Kan. 287, 81 P. 2d 50; and *Russell v. Turner,* 148 Fed. 2d 562; that the fact he took his hand off the steering wheel and placed it on his companion was not sufficient, citing *Stout v. Gallemore,* 138 Kan. 385, 26 P. 2d 573; and that an allegation of high speed over a rough, rutted road did not charge the driver with gross and wanton negligence, citing *Murrel v. Janders,* 141 Kan. 906, 44 P. 2d 218, and *Leabo v. Willett,* supra. Without particular comment, appellant also directs attention to *Bailey v. Resner,* supra, where two actions under the guest statute, against the parents of a son who was epileptic and the son, to recover damages sustained when the son had an epileptic seizure and lost control of the motor car in which all of the parties were riding. In that case, this court asked and answered the question as to what constituted wantonness under the guest statute and cited most of our decisions arising under that statute. The effect of appellant's argument is that as to each factual element charged in the amended petition, this court had held it did not constitute wantonness under the guest statute and that facts are not stated which would warrant the court in holding appellant drove his car with a realization of the imminence of danger and a reckless disregard and

complete indifference and unconcern for the probable consequence of his act or acts.

Appellee's brief is brief. After reviewing the allegations of her amended petition, she says they are sufficient, in support of which she copies definitions of "reckless" "recklessness" and "wantonness" from some of our decisions, the most of which are cited in *Bailey v. Resner,* supra, as well as from the Restatement "Torts," § 500. In addition, she makes some reference to the pleading of ultimate facts and that she need not plead evidentiary matters.

A mere reading of the amended petition discloses a situation covered by our automobile guest statute, G. S. 1949, 8-122b, which, *so far as pertinent here, provides that no person who is transported by the operator of a motor vehicle as his guest shall have a cause of action for damages against the operator for injury unless the injury shall have resulted from the "gross and wanton negligence"* of the operator of the vehicle. Since its enactment many cases have arisen where the quoted words have been treated or defined. Definition of the words "wanton" and "wantonness" may also be found. In *Bailey v. Resner* may be found an extended list and in the cases there listed may be found others where the phrase and its component words are defined. In the last cited case it was said:

"The term 'wantonness' or 'wanton conduct' has been defined by this court in cases other than those involving the guest statute (G. S. 1935, 8-122b), and it is difficult to find a more adequate definition of the term than is found in one such case—*Frazier v. Cities Service Oil Co.,* supra (159 Kan. 655, 157 P. 2d 822), at page 666:

" '. . . it may be concluded that as to the injuries inflicted, wanton conduct or wantonness comes between negligence on the one hand and willful or malicious misconduct on the other; that it is more than negligence and less than willfulness, and to constitute wantonness the acts complained of must show not simply lack of due care, but that the actor must be deemed to have realized the imminence of injury to others from his acts and to have refrained from taking steps to prevent the injury because indifferent to whether it occurred or not. Stated in another way, if the actor has reason to believe his act may injure another, and does it being indifferent to whether or not it injures, he is guilty of wanton conduct.' " (1. c. 442.)

In the very recent case of *In re Estate of Wright,* 170 Kan. 600, 228 P. 2d 911, extensive quotations including the above were made and the test stated followed. And see also *Wright v. Pizel,* 168 Kan. 493, 214 P. 2d 328, where the rule in *Stout v. Gallemore,* supra, was followed and where constitutionality of the guest statute was upheld.

The question presented by the demurrer to the amended petition is whether it contains a statement of facts that discloses the appellant was guilty of "gross and wanton negligence" as set forth in the above quotation and the various decisions mentioned. Limited to that feature, and without attempting a fully detailed review of the allegations, the appellee alleged that the appellant started his car and increased its speed to over 65 miles per hour, he ignored appellee's request to slow down and immediately took his right hand off the steering wheel, placing his hand on his companion in the front seat and while the car was traveling at its highest speed of 70 miles per hour he steered or permitted the car to be driven off the road into a culvert; that he was guilty of negligence in that he was intoxicated and under the influence of liquor and the appellee had no knowledge of his intoxication or being unable to properly drive his car, he failed and refused to obey her request that he slow his car's speed, he took his hand off the steering wheel, placed it on his companion and failed to guide his car, and he did not control his car and allowed it, driven at a speed of about 70 miles per hour, to go off the highway and crash into a culvert, injuring the appellee.

We have examined the several cases relied upon by the appellant, in which, but not accumulatively, it was held that evidence the defendant was intoxicated, or that he did not reduce his speed at plaintiff's request, or that he took his hand off of the steering wheel and placed it on his companion, or that he drove at a high rate of speed over a rough road, or that he drove off the highway, did not convict the defendant driver of gross and wanton negligence, and we have no disposition to recede from what is said in those cases or to overrule them. But we think it is not proper to take up the allegations of the amended petition separately and by a "divide and conquer" process to conclude whether the amended petition stated a cause of action under the guest statute. Any pleading is to be construed in its entirety, and all of the allegations must be considered together, and it is not proper to segregate allegations from one another to determine sufficiency of a pleading. See e. g. *Jones v. Jones,* 161 Kan. 284, 293, 167 P. 2d 634; *Wood v. Stewart,* 158 Kan. 729, 732, 150 P. 2d 331; 41 Am. Jur. 337 and 71 C. J. S. 120. Such exceptions as there are to the rule are not presently important. Although it is possible to segregate the various acts with which the appellant is charged, that segregation itself tends to minimize the

over-all effect of the several acts with which he is charged and is not a proper method of approach.

Considering the allegations of the amended petition in the light of what has been said, it is concluded that the acts of the appellant, while intoxicated and unable to properly drive, in driving his car at a high and increasing speed, in ignoring requests that he slow down, in taking his right hand off the steering wheel, in failing to guide the car and in allowing the car to leave the highway and crash into a culvert, with the result his guest was injured, are sufficient to show that he had reason to believe that such acts might injure another and was indifferent to whether they did or not and that he was guilty of gross and wanton negligence. We are not presently concerned with any question of proof, nor with any possible defense. We conclude that the trial court did not err in overruling the demurrer of the defendant to the amended petition of the plaintiff.

The ruling and judgment of the trial court is affirmed.

HARVEY, C. J., and THIELE and PARKER, JJ., dissent.

WEDELL, J. (concurring): Limitations of time preclude an opinion fully expressing my views as to why this particular amended petition states a cause of action on the theory of gross and wanton negligence.

Appellee's proof at the trial may be wholly inadequate to prove such allegations. Furthermore the record at the trial may disclose such contributory negligence on her part as to bar her recovery entirely. With those matters, however, we are presently entirely unconcerned.

In view of appellant's emphasis on the intoxication feature of this case I desire to mention only one of our previous decisions stressed by appellant, namely, that of *Srajer v. Schwartzman*, 164 Kan. 241, 188 P. 2d 971. Appellant is entirely wrong in contending we held in the Srajer case that intoxication is not evidence of gross and wanton negligence. We held nothing of the kind. That decision did not turn on the ruling of a demurrer to a petition but on the evidence. That evidence pertained not only to intoxication but other material facts as disclosed in the opinion. In that case the evidence most favorable to the contention that the driver of the car was intoxicated was the evidence of a witness who first testified he thought the driver of the car was intoxicated but who on cross-

examination stated he did not know whether he was intoxicated or not. (See p. 251-252 of Srajer opinion.)

Of course, no such weak allegation of intoxication is contained in the instant petition. Moreover there was no direct evidence of the rate of speed in the Srajer case as is contained in the allegations of the petition here. The evidence of speed in the Srajer case was all based on inferences. (See p. 250 of the opinion.)

On demurrer, in the instant case, we must for present purposes accept as true the allegations of speed, intoxication, *immediate increase of speed* of motor to its maximum capacity after the request of the plaintiff to slow up, failure thereafter to guide the car and all other facts alleged.

It seems to me it is an entirely unwarranted interpretation of our past decisions and of the guest statute to say a driver of a motor vehicle may be intoxicated, may refuse to heed the request of a passenger to slow down and in response to such request *immediately open the throttle to the maximum capacity of the motor*, fail to guide the car and not to be said to be acting, in legal contemplation, with a realization of the imminence of danger and with a reckless disregard to the safety of his passengers.

Careful consideration leads me to believe if the trial court was wrong in sustaining the sufficiency of the instant amended petition to state a cause of action it would be exceedingly difficult, if not impossible, to state a cause of action under the guest statute.

SMITH, PRICE and WERTZ, JJ., join in the above concurring opinion.