Alice **ELLEFSEN**, Plaintiff and Respondent,

v.

William Dibblee **ROBERTS**, Defendant and Appellant.

No. 13498.

Supreme Court of Utah.

Sept. 10, 1974.

Gary E. Atkin of Rawlings, Roberts & Black, Salt Lake City, for defendant and appellant.

F. Alan Fletcher of Parsons, Behle & Latimer, Salt Lake City, for plaintiff and respondent.

CALLISTER, Chief Justice:

Plaintiff initiated this action to recover for the personal injuries and property damage that she sustained in a vehicular collision with defendant. The matter was tried before the court and plaintiff was awarded judgment; defendant appeals therefrom.

The accident occurred in Salt Lake City at the intersection of West Temple and North Temple Streets, during the rainy evening hours of September 27, 1972. Plaintiff, whose automobile was facing in a westerly direction on North Temple, proceeded into the intersection to make a left turn onto West Temple. She yielded to oncoming traffic until the traffic signal turned to red, at which time she commenced her left turn. She had observed defendant's car approaching the intersection at a distance of approximately five car lengths as she commenced her turn. At the distance of two car lengths, plaintiff realized that defendant was going to proceed through the red signal light, plaintiff applied her brakes and the collision occurred.

A witness, Calvin A. Warren, testified that he had first observed defendant, oper-

ating his vehicle in an erratic manner, several blocks prior to the collision and had taken down the license number. He observed the defendant weaving in and out of the traffic lanes and traveling at a speed of 15 to 20 miles per hour in excess of the flow of traffic. The witness testified that it was raining, and the flow of traffic was approximately 30 m. p. h. According to the witness, defendant's car was approximately 100 yards from the intersection when the light turned red; it appeared to him that defendant accelerated his car, and the vehicles collided. He did not observe any action on the part of defendant to avoid the collision, i. e., the vehicle did not appear to slow down and no brake lights ·were apparent. The witness estimated defendant's speed at 45 to 50 m. p. h. The witness testified that defendant appeared to be intoxicated.

Subsequently, a police officer administered a Breathalyzer test to defendant, which indicated a reading of .27 per cent alcohol. The officer, based upon the test and his observations of defendant, concluded that defendant was intoxicated and not capable of safely operating a motor vehicle at the time of the accident. The trial court took judicial notice of Section 41–6–44(b)(3), U.C.A.1953, as amended 1967, wherein it is presumed that a person is under the influence of intoxicating liquor, if there were at the time 0.08 per cent or more by weight of alcohol in the person's blood.

Plaintiff testified that defendant came to her vehicle and apologized, that he staggered as he walked, smelled of alcohol, and was not speaking clearly. He admitted to her that he had known that the light was red and that he had attempted to run it.

Plaintiff's dentures were broken, her face was lacerated, and she felt extreme pain in her jaw, neck, shoulder and back. She was transported to the hospital by ambulance, where a plastic ·surgeon sutured her facial lacerations, and she was X-rayed. Her pain persisted and several days later she returned to the hospital for a nerve block and plastic collar. In May 1973, plaintiff was hospitalized and placed in cervical traction for treatment of nerve root damage. At the time of trial, she was still taking pain medication. The oral injuries she sustained compelled her to eat only liquids until after Thanksgiving, and her dentures no longer fit properly, so her digestion has been impaired.

Plaintiff's vehicle, which she valued at $600, was destroyed. Plaintiff, a trained commercial artist, can no longer do this type of work because the bending required to use a drawing board produces severe pain. Plaintiff has continued to experience pain and numbness in her arm, neck and back.

Based on the foregoing, the trial court found that defendant was intoxicated and was driving in a negligent and careless manner and with wilful and wanton disregard for the safety of others, that his conduct was the sole proximate cause of the accident, and that as a direct and proximate result of the accident, plaintiff sustained damages to her automobile in the sum of $600, medical expenses in the sum of $1,200, and general pain and discomfiture in the sum of $10,000. The trial court concluded as a matter of law that plaintiff had been injured by the sole negligence and wilful misconduct of defendant, and that plaintiff had sustained damages and should be accordingly awarded judgment.

On appeal, defendant contends that the trial court erred in finding that he operated his vehicle in a wilful and wanton disregard for the safety of others.[1] He urges that the wilfulness or wantonness of his actions was never placed in issue by any allegation in plaintiff's pleading nor by subsequent amendment. He claims that there was nothing to justify such a finding by the court, and that he was deprived of notice and opportunity to prepare to meet such an issue in the proceeding.

---

1. There is the likelihood that the controversy over this language exists because of its bearing on possible discharge in bankruptcy.

Plaintiff alleged in her complaint that defendant operated his motor vehicle in a dangerous, reckless, careless and negligent manner, and operated his vehicle under the influence of intoxicants, so as to cause it to collide with plaintiff's vehicle. She further alleged that as a direct and proximate result of the aforementioned misconduct on the part of defendant, she sustained severe injuries and property damage. Defendant filed a counterclaim for property damage.[2] As a defense thereto, plaintiff alleged that the sole proximate cause, or a contributing cause of the collision, was defendant's own negligence or wilful misconduct, which negligence or misconduct barred him from recovery pursuant to his counterclaim.

■ Allegations of "wilfulness" or "wantonness" are in the nature of conclusions. The sufficiency of plaintiff's pleadings, which are construed together, must be determined by the facts pleaded rather than the conclusions stated.[3] The facts pleaded by plaintiff clearly set forth that she predicated her claim on more than mere negligence, she alleged conduct manifesting a reckless disregard of consequences under circumstances which indicated that the acts done or omitted would naturally or probably result in injury.[4] Such type of conduct constitutes wilfulness, wantonness or recklessness.

This court explained in Jensen v. Denver & Rio Grande Ry. Co.[5] that an injury is caused by recklessness, wilfulness, or wantonness within the meaning of the aforementioned rule, where after a motorman sees a person in peril on or near the track ahead, he fails to use reasonable efforts to avoid an accident, such as, to give warning of his approach and to slacken the speed of or stop his car.

■ Defendant contends that there was a total absence of evidence to indicate that he intentionally or wilfully struck the plaintiff. He stresses the importance of this evidentiary fact, since he concedes, under the law, the findings of the trial court substantially changed the requirements for defendant to establish contributory negligence so as to bar plaintiff's recovery.[6] Defendant, therefore, reasons that due to this evidentiary deficiency, the trial court erred in failing to find plaintiff contributorily negligent as a matter of law.

We do not assent to the proposition urged that to abrogate the defense of contributory negligence the proof must show that the injury was committed wilfully, in the sense that it was purposely or intentionally committed. It is sufficient if the proof shows a conscious failure to use care and conduct manifesting a reckless disregard of the rights of others and of the natural and probable consequences resulting from the acts done or committed.[7]

■ A review of the instant record reveals sufficient evidence to substantiate the findings of the trial court that defendant was intoxicated and was driving in a manner with wilful and wanton disregard for the safety of others, and that his conduct was the sole proximate cause of the accident.

---

2. Defense counsel on the day of trial dismissed the counterclaim on the ground that defendant did not personally appear for trial.

3. Fyne v. Emmett, 171 Kan. 383, 233 P.2d 496, 498 (1951); 8 Am.Jur.2d, Automobiles and Highway Traffic, Sec. 881, p. 434.

4. Jensen v. Denver & Rio Grande Ry. Co., 44 Utah 100, 112, 138 P. 1185 (1914).

5. Note 4, supra.

6. Ferguson v. Jongsma, 10 Utah 2d 179, 186, 350 P.2d 404 (1960) provides that mere, ordinary contributory negligence does not bar a recovery by plaintiff for injuries proximately caused by defendant's wilful, wanton, or reckless disregard for plaintiff's safety. See Restatement, Torts 2d, Sec. 503(1). "A plaintiff's contributory negligence does not bar recovery for harm caused by the defendant's reckless disregard for plaintiff's safety."

7. Jensen v. Denver & Rio Grande Ry. Co., note 4, supra, at page 113 of 44 Utah, at page 1189 of 138 P.

Defendant's remaining point on appeal is without merit. The judgment of the trial court is affirmed. Costs are awarded to plaintiff.

HENRIOD, ELLETT, CROCKETT and TUCKETT, JJ., concur.