No. 31,678

BOYD HARTMAN, *Appellant*, v. H. C. ORCUTT, JULIA SANDEFUR and LAWRENCE HORTON, *Appellees*.

(33 P. 2d 133.)

Opinion filed June 9, 1934.

. *John W. Adams* and *George L. Adams*, both of Wichita, for the appellant.

*D. M. Ward*, of Peabody, *P. D. Gardiner*, *O. W. Helsel* and *J. R. Mayall*, all of Wichita, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: Plaintiff brought this action for the wrongful death of his wife, alleged to have been caused by the joint and concurrent negligence of defendants. The trial ·court sustained demurrers to plaintiff's evidence, and he has appealed.

Plaintiff and wife lived at Valley Center. In addition to her housekeeping the wife worked out by the day several days each week at housecleaning and similar work for those who desired to employ her at $2 to $2.50 per day. The defendant, Julia Sandefur, her daughter, Mrs. Horton, and her grandson, Lawrence Horton, lived together at Valley Center. Mrs. Sandefur owned property there and also owned a residence property a few miles east of Valley Center and east of U. S. highway No. 81. On previous occasions she had employed plaintiff's wife. A few days before the casualty soon to be mentioned Mrs. Sandefur employed plaintiff's wife to assist in cleaning the house east of U. S. highway No. 81, and they agreed upon the time when the work was to be done—the afternoon of June 21—and ·Mrs. Sandefur stated that she would send her grandson,

Lawrence Horton, to take plaintiff's wife in an automobile from her home to the place where the work was to be done. U. S. highway No. 81 is an improved north-and-south paved highway on which there is much traffic. There is also a paved highway east from Valley Center to U. S. highway No. 81, and at the connection there are paved curved slabs connecting to the north and south. The road east from Valley Center extends east of U. S. highway No. 81 as an unpaved road. On the Valley Center paved highway, 300 feet west of U. S. highway No. 81, there was a sign reading, "State Highway 300 feet," and 65 feet 9 inches west of U. S. highway No. 81 there was a stop sign. Shortly after noon on June 21 Lawrence Horton came in an automobile for plaintiff's wife to take her to the east place to work, as had been agreed between Mrs. Sandefur and plaintiff's wife. His mother, Mrs. Horton, was in the car. Plaintiff's wife got in the car, the two women riding in the back seat. Lawrence Horton was driving. He proceeded east on the pavement and was driving across U. S. highway No. 81, and was on the east half of the pavement of that highway, when his automobile was struck by an automobile driven by H. C. Orcutt, coming from the south. The cars came together in such a way that the left front corner of Orcutt's car struck the car driven by Horton on the right side a little back of the center. The result was that both cars were thrown to the northeast, breaking a banister on the culvert at the northeast corner of the intersection, near which place they stopped. Plaintiff's wife was killed, and Mrs. Horton was so injured that she died in a few hours. The evidence tended to show that Lawrence Horton did not stop at the stop sign as he approached U. S. highway No. 81, and that as he approached that highway he was not looking for traffic thereon, but was watching someone who was walking nearby; that Orcutt was driving at a speed of about forty-five miles per hour, and on seeing the Horton car in the intersection first turned to the left to go back of it and then turned at a sharp angle to the right, perhaps because of a car approaching from the north. There was no obstruction at this intersection to prevent either of them from seeing the other.

Plaintiff's action was predicated upon the theory that his wife was an employee of Julia Sandefur; that the relation of master and servant, as applied in *Phillips v. Armour & Co.*, 108 Kan. 596, 196 Pac. 245, and allied cases, existed; that as a part of this employment

she was being transported to her place to work, and that Lawrence Horton was the agent and servant of Julia Sandefur to transport her to work; that Lawrence Horton was negligent in not coming to a full stop at the stop sign and in driving into highway No. 81 without looking for traffic thereon, and that this negligence was chargeable to his principal, Julia Sandefur, and that Orcutt was negligent in not keeping a proper lookout and in using excessive speed at the intersection, and in turning his car in such a way as to collide with the other.

Plaintiff did not predicate his action upon the theory that his wife was a guest in the automobile, nor did he contend that defendants were guilty of gross and wanton negligence, as that term is used in our "guest" statute (R. S. 1933 Supp. 8-122b). Notwithstanding this, the trial court took the view that this statute was controlling in the case and sustained the separate demurrers of defendants to plaintiff's evidence. In this the court was in error. The case should have been tried out on the theory on which it was brought. It is true the separate answers of defendants had put in issue the various allegations of plaintiff on which he had predicated his action, but defendants' evidence on those issues had not been presented to the court. The evidence offered by plaintiff tended to support the allegations of his petition, and he was entitled to a trial and to have the case go to the jury upon his case as framed by the pleadings, and in view of the fact that his evidence tended to support the allegations of his petition.

The result is, the judgment of the court below must be reversed with directions to grant a new trial. It is so ordered.