No. 37,553

I. G. Fullington (Revived in the name of Audrey Louise Fullington, Administratrix of the Estate of I. G. Fullington, deceased), *Appellee*, v. Clifford Goodrich, *Appellant.*

(216 P. 2d 817)

Opinion filed April 8, 1950.

*Marc Boss,* of Columbus, argued the cause, and *Leo Armstrong,* of Columbus, was with him on the briefs for appellant.

*V. J. Bowersock,* of Columbus, argued the cause, and *Joe L. Henbest* and *Frances E. Bowersock,* both of Columbus, were with him on the briefs for appellee.

The opinion of the court was delivered by

Price, J.: This is an appeal from an order overruling a demurrer to plaintiff's amended petition in an action to recover the purchase price paid for an Aberdeen Angus bull calf and for special damages.

The only question presented is whether the amended petition states a cause of action.

The plaintiff was a resident of Arkansas and the defendant resided in Cherokee County, Kansas. Briefly summarized, the amended petition alleges that in August, 1946, the parties entered into an oral agreement whereby defendant agreed to sell to plaintiff and plaintiff agreed to pay to defendant the sum of $2,000 for a certain bull calf, provided it was free of tuberculosis; that it was agreed defendant should submit the calf for an examination to determine its condition in this respect; that at the time of the agreement plaintiff paid defendant $250 to apply upon the purchase price, it being further agreed that in the event the calf failed to pass the tuberculosis test defendant would return such down payment to plaintiff. That on October 1, 1946, plaintiff called defendant by long distance telephone to inquire as to the condition of the calf and was told by defendant that it was "all right," and plaintiff then advised him

that he would come and get it on October 13, 1946. That on this latter date plaintiff came to Cherokee county for the calf and was told by defendant that the calf had been tested for tuberculosis and had passed; that relying upon such statement and believing it to be true he paid defendant the balance of the purchase price in the amount of $1,750, whereupon defendant delivered the calf to him. That on October 27, 1946, the calf took sick and it became necessary for plaintiff to employ a veterinarian who treated it until January 3, 1947, at an expense to plaintiff in the amount of $80. That in January, 1947, plaintiff called defendant over the telephone, during which conversation defendant told him that the mother and sire of the calf had been tested and both found to be tubercular; that plaintiff then inquired as to the papers on the calf purchased by him, whereupon defendant admitted and stated that he had not had it tested. That on January 20, 1947, plaintiff had the calf, together with the rest of his herd, tested, which test showed it to be tubercular and the remainder of his herd to be free from the disease, and that as a result of the calf's condition he was required to sell it to the government for a nominal sum.

It further alleges that as of the date of delivery of the calf to plaintiff, October 13, 1946, it was infected with tuberculosis; that if defendant had had a proper test made, as he stated he had done, the test would have shown the true condition, in which event, under their agreement, defendant would have been compelled to return the down payment of $250 theretofore paid by plaintiff and that plaintiff would not have completed the sale.

It further alleges that the upkeep of the calf during the time it was in plaintiff's possession amounted to $250, and the prayer seeks recovery in the amount of $2,280.

This amended petition was filed on April 21, 1948. The original petition was filed June 8, 1947, and against it defendant filed a motion to strike, or in lieu thereof that it be made more definite and certain in a number of respects, which for our purposes need not be detailed. Plaintiff confessed that portion of the motion which requested him to allege whether the contract was written or oral and successfully resisted the balance thereof. Both parties concede that, with the exception of the addition of a few words concerning the nature of the agreement and that it was oral, in the amended petition, the two petitions are substantially identical.

Defendant therefore contends that the well-established rule, that

where a motion to make more definite and certain is successfully resisted a pleading must thereafter, when tested by demurrer, be strictly construed against the pleader as to all matters covered by the motion, should be applied.

Plaintiff argues that the rule has no application here for the reason that no motion to make more definite and certain was leveled at the amended petition, but defendant counters with the argument that since the trial court had already overruled his motion filed against the original petition it would have been a futile and useless gesture to file an identical motion against the amended petition. With respect to this point we agree with defendant and concede that for purposes of the demurrer in question the amended petition should be strictly construed.

In support of his contention that the amended petition fails to state a cause of action defendant argues that nowhere is it alleged that he failed to have the calf tested or that he did have it tested and the test showed it to be tubercular; that if the amended petition shows he did have it tested and the test was negative then certainly the plaintiff has no right to recover, for it is not claimed that defendant insured the calf or guaranteed it would never contract the disease, and that strictly construed this amended petition fairly shows that the defendant did have it tested according to the agreement and the test showed it to be free of tuberculosis. He further argues that the allegation that the defendant "admitted and stated over the telephone that he had not had him tested" is a mere allegation of evidence rather than an allegation of fact showing a breach of the contract on his part.

We find ourselves unable to agree with defendant's contentions. A careful reading of the amended petition leaves no doubt as to the agreement entered into between the parties. Plaintiff was to buy the calf for $2,000, and both parties clearly understood that the sale was made upon the express understanding that it did not have tuberculosis. It had not been tested and defendant agreed to have that done. Plaintiff made a down payment of $250 and later defendant told him the calf was "all right." At the oral argument it was conceded that both parties understood the words "all right" to mean that the calf was not tubercular. Plaintiff then took the calf and paid the balance of the purchase price. Shortly afterwards it became sick and in a telephone conversation defendant admitted to plaintiff that its mother and sire had been found to be tubercular and that he had not

had the calf tested. Plaintiff then had it tested and this test showed it to be tubercular. This suit is to recover the resulting damages to plaintiff and we think the amended petition states a cause of action. What the proof may show is another thing, but we think the allegation that the defendant admitted and stated over the telephone he had not had the calf tested, when considered with all other allegations, sufficiently alleges a breach by defendant of the agreement of the parties.

The order of the lower court overruling the demurrer to the amended petition was correct and its judgment is therefore affirmed.