No. 38,762

Arthur Donie, *Appellee,* v. Associated Co., Inc., and Leo B. Bowman, *Appellants.*

(252 P. 2d 609)

Opinion filed January 24, 1953.

*Ferd E. Evans, Jr.,* of Wichita, argued the cause, and *Lester L. Morris, Verne M. Laing* and *Ralph R. Brock,* all of Wichita, were with him on the briefs for the appellants.

*Charles D. Anderson,* of Wichita, argued the cause, and *Robt. L. NeSmith* and *Justus H. Fugate,* both of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Price, J.: This is an appeal from an order overruling a demurrer to an amended petition in an action for an accounting of the profits

of the corporate defendant and for judgment for one-sixth of such profits.

There are two defendants in the action—Associated Co., Inc., and Leo B. Bowman. On January 2, 1952, plaintiff filed the action against only the corporate defendant. After alleging plaintiff's residence and that the defendant was a Kansas corporation, the petition alleged:

"On the 12th day of October, 1950, Plaintiff and said defendant, by and through its duly authorized agent, President and General Manager, Leo B. Bowman, entered into an oral contract, whereby and under terms of which the Defendant employed Plaintiff as its Chief Inspector for a period of one year from said date, and agreed to pay Plaintiff a salary of $450.00 per month, payable Semimonthly, on the 5th and 20th day of each and every month thereafter, during said period. It was further agreed, that at the end of one year from the 12th day of October, 1950, in addition to the aforesaid salary, Defendant would divide and pay the net profits of the Defendant, equally between the said Leo B. Bowman, President and General Manager of the Defendant; this plaintiff, W. W. Grissamore, Laverne Nance, F. W. Jones, and Mrs. ———— McGrady, employees of said defendant.

"Plaintiff has and did perform each and every, all and singularly, the duties and obligations devolving upon him as Chief Inspector for said Defendant, and performed each and every duty and obligation required of him under the terms of said contract of employment for One Year, from the date of Plaintiff's employment, as aforesaid. Defendant prospered during said period of time, and made a net profit or profits of $350,000.00 to $400,000.00 during said period."

A demand by plaintiff and refusal thereof are then alleged, followed by a prayer for an accounting and determination of the net profits for the period covered by the contract of employment, and for judgment for one-sixth of such net profits.

The corporate (sole) defendant filed a motion to make the petition more definite and certain as follows:

"Comes now the defendant and moves the Court for an order requiring the plaintiff to make his Petition definite and certain, by setting forth the facts which he takes to demonstrate that the defendant's President and General Manager, Leo B. Bowman, was acting as its duly authorized agent when, as alleged, he entered into an oral contract with the plaintiff and others as set forth in the plaintiff's Paragraph Second."

This motion was overruled, and on the same date plaintiff's oral application to make Bowman an additional party-defendant was sustained.

On February 14, 1952, plaintiff filed an amended petition naming both the corporate defendant and Bowman as defendants. The second and third paragraphs thereof are as follows:

"Second

"The Defendant, Leo B. Bowman, acting for himself, and for and on behalf of the Associated Co., Inc., as its duly authorized agent, President and General Manager, did on the 12th. day of October, 1950, enter into an oral contract with this Plaintiff, whereby and under terms of which the Defendants employed Plaintiff as Chief Inspector for the Defendant, Associated Co., Inc., and the said Leo B. Bowman, for a period of one year from said date, and agreed to pay Plaintiff a salary of $450.00 per month, payable semimonthly, on the 5th. and 20th. day of each and every month thereafter, during said period. It was further agreed, that at the end of one year from the 12th. day of October, 1950, in addition to the aforesaid salary, Defendants would divide and pay the net profits of the Defendant, Associated Co., Inc., equally between the said Leo B. Bowman, Pres. & General Manager of the Defendant, Associated Co., Inc., this Plaintiff, W. W. Grissamore, Laverne Nance, F. W. Jones and Mrs. _____ McGrady, employees of said defendant.

"Third

"Plaintiff has and did perform each and every, all and singularly, the duties and obligations devolving upon him as Chief Inspector for said Defendants, Associated Co., Inc., and the said Leo B. Bowman, and performed each and every duty and obligation required of him under the terms of said contract of employment for One Year, from the date of Plaintiff's employment, as aforesaid. Defendants prospered during said period of time, and made a net profit or profits of $350,000.00 to $400,000.00 during said period."

Then follow allegations of a demand upon defendants, a further allegation such demand was made upon Bowman, and that it was denied. Following this is a prayer for an accounting of the net profits of the corporate defendant and for judgment against both defendants for an undivided one-sixth of such profits, and for such other and further relief as may be equitable and just.

To this amended petition Bowman filed a motion to make more definite and certain, as follows:

"Comes now the defendant Leo B. Bowman and moves the Court for an order requiring the plaintiff to make his Amended Petition definite and certain by setting forth in Paragraph SECOND of his said Amended Petition whether, under the contract alleged in said Amended Petition, he ever received the salary of Four Hundred, Fifty and no/100 dollars ($450.00) per month therein alleged and, if so, from which of the defendants he received the same. Also by setting forth in Paragraph SECOND of said Amended Petition of which defendant W. W. Grissamore, Laverne Nance, F. W. Jones and Mrs. _____ McGrady were employees."

This motion was overruled.

Both defendants then demurred to the amended petition on the ground:

". . . that it does not contain allegations sufficient to constitute a cause of action against these defendants or either of them."

This demurrer was overruled. Both defendants have appealed and specify as error the orders of the lower court (1) in overruling the motion of the corporate defendant to make the original petition more definite and certain; (2) in overruling the motion of Bowman to make the amended petition more definite and certain, and (3) in overruling both defendants' demurrer to the amended petition.

In their brief counsel for defendants abandon the second specification of error and so we concern ourselves only with the propriety of the rulings on the motion to make the original petition more definite and certain and on the demurrer to the amended petition.

At the outset we are confronted with plaintiff's contention that inasmuch as no motion to make more definite and certain the allegations of defendant Bowman's agency and authority to enter into the alleged contract on behalf of the corporate defendant was levelled against the amended petition, the ruling on the motion directed to those allegations in the original petition is not open to review, and that the allegations of agency and authority in the amended petition are subject to a liberal construction when tested by the demurrer.

On the other hand, it is to be noted that the allegations of agency and authority on the part of Bowman in the two petitions are substantially identical. The court had already overruled the motion filed against the original petition, and there is nothing in the record to indicate that a like ruling would not have been made had a similar motion been filed against the amended petition. A somewhat analogous situation arose in *Fullington v. Goodrich,* 169 Kan. 11, 216 P. 2d 817, where it was held:

"Plaintiff argues that the rule [of strict construction] has no application here for the reason that no motion to make more definite and certain was levelled at the amended petition, but defendant counters with the argument that since the trial court had already overruled his motion filed against the original petition it would have been a futile and useless gesture to file an identical motion against the amended petition. With respect to this point we agree with defendant and concede that for purposes of the demurrer in question the amended petition should be strictly construed." (p. 13.)

For reasons that will presently appear, we think the motion directed to the original petition was meritorious. Under the rule just quoted, and for all practical purposes, the amended petition is therefore considered to have withstood the attack of a similar motion. Under the well-established rule to the effect that if a meri-

torious motion to make more definite and certain is successfully resisted the allegations of a pleading, when subsequently tested by a demurrer, are to be strictly construed as to matters covered by the motion (*Cotter v. Freeto,* 166 Kan. 23, 26, 199 P. 2d 484), the amended petition is therefore to be strictly construed with respect to such matter.

In support of their respective contentions as to the merits of the demurrer the parties have taken various positions and make extensive arguments, supported by numerous authorities. All have been noted and considered, but most, in our judgment, need not be taken up and discussed in order to arrive at what we consider to be a proper disposition of this appeal. A number of them go to the substance and merits of the action, but, as we are concerned only with the one question whether the allegations of the amended petition are sufficient to state a cause of action, we think care should be taken not to say anything which might prejudice any of the parties on the trial of the case.

For the sake of argument, and as a general proposition of pleading, it may be conceded that the usual averment, "duly authorized agent," particularly in the absence of a motion to make more definite and certain, is a sufficient allegation of such fact in most pleadings where the question of agency is involved. However, as applied to the far-reaching terms of the contract here pleaded, and in the light of certain statutory provisions, we think the allegations of the amended petition are insufficient to withstand the demurrer and that it should have been sustained.

The allegations of the amended petition speak for themselves. Defendant Bowman, acting for himself and for. and on behalf of the corporation as its duly authorized agent, president and general manager, entered into the contract with plaintiff, whereby the latter was to work as chief inspector for the corporation for one year at a stated salary, and then, at the expiration of the one year, all of the net profits of the corporation were to be divided equally among plaintiff, Bowman, and four other named persons, the latter being designated as employees of the corporation.

G. S. 1949, 17-3101, provides that the business of every private corporation shall be managed by a board of directors, except as otherwise provided by law, the articles of incorporation, or bylaws. The directors need not be stockholders unless so required by the articles of incorporation.

By the provisions of G. S. 1949, 17-3501, it is the directors of a domestic corporation who are empowered to declare and pay dividends.

G. S. 1949, 17-3506, provides that no domestic corporation, nor the directors thereof, shall pay dividends upon any shares of the corporation except in accordance with the provisions of the act.

Concededly, for some purposes at least, the president of a corporation may be said to be its "agent," and in a given set of circumstances might be deemed to have authority to do certain things. However, in the nature of things, including the statutory provisions above referred to, it certainly cannot be said that in doing what Bowman is alleged to have done here he was acting within his apparent scope of authority. The contract as pleaded purports to divide all of the net profits of the year's operation among six persons, including Bowman. The amended petition is silent as to action, if in fact any was had, by the board of directors providing for such disposition. If the persons among whom all of the profits were to be divided constitute all of the shareholders, the fact is not pleaded. Conceding, for the sake of argument, but not deciding, that directors could authorize the president to make such a contract, the fact of their doing so is not pleaded. In fact, the amended petition is entirely silent as to essential allegations to establish Bowman's agency and authority to bind the corporation to any such contract as is pleaded. The ruling on the motion to make the original petition more definite and certain in that respect was erroneous, and it necessarily follows that such ruling is inherent in the ruling on the demurrer.

The judgment of the lower court is therefore reversed with directions to sustain the demurrer to the amended petition.