No. 39,306

ARTHUR DONIE, *Appellee*, v. ASSOCIATED CO., INC., *Appellant*.

(268 P. 2d 927)

Opinion filed April 10, 1954.

*Ferd E. Evans, Jr.,* of Wichita, argued the cause, and *Lester L. Morris, Verne M. Laing, Ralph R. Brock, L. M. Kagey, Max L. Hamilton* and *F. W. Prosser,* all of Wichita, were with him on the briefs for the appellant.

*Robert L. NeSmith,* of Wichita, argued the cause, and *Justus H. Fugate* and *Charles D. Anderson,* both of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is an appeal from an order overruling a demurrer to plaintiff's amended petition, as amended, and the second appearance in this court (See *Donie v. Associated Co., Inc.,* 173 Kan. 753, 252 P. 2d 609) of an action involving a contract and an accounting of the profits of the defendant corporation.

Although in a sense the issues now to be reviewed are dependent upon later events and proceedings it is important that readers of this opinion understand the facts, circumstances and conditions governing our decision in the first appeal. They are clearly and succinctly set forth in the opinion of that decision where they can be found by reference if required for informative or other purposes essential to the disposition of this appeal and hence need not be repeated.

After the first appeal, holding that the trial court should have sustained a demurrer to the first amended petition, plaintiff filed a motion in the court below asking that the defendants be required to permit him to inspect, or in lieu thereof give him copies of, the minute books of the corporation disclosing the names and addresses

of its directors, the powers delegated to the president and general manager in the matter of hiring employees, and the authority granted Leo B. Bowman in such capacity to employ plaintiff, as well as other employees, and other information of less importance. When this demand was overruled plaintiff filed a second amended petition, whereupon defendants moved to strike that pleading from the files. Plaintiff then filed a second motion asking that defendants be required to furnish him with the information requested in his first motion. This motion was also overruled. Thereupon, after some colloquy between court and counsel, also rulings with respect to the motion to strike the second amended petition which are of little importance; plaintiff asked leave and obtained permission to file a second amended petition, as amended. This pleading, omitting its formal averments and prayer reads:

"Second.

"Plaintiff is informed and believes, and therefore alleges as a fact, that the defendant, Leo B. Bowman and E. C. Bowman are husband and wife, and together with Merie Hollow, were the original incorporators of the defendant corporation, and said incorporators were the sole and only owners of the common stock of said corporation and at all times herein material, the said Leo B. Bowman owned more than ninety per cent (90%) thereof; that the said Leo B. Bowman, E. C. Bowman and Merie Hollow were, by said stockholders, at a meeting thereof called for that purpose, by resolution of the minutes of the meeting of said stockholders, elected as the Board of Directors of said corporation.

"Third.

"Prior to the 12th day of October, 1950, the exact [sic] being unknown to plaintiff but well known to the defendants and each of them, the Board of Directors at a meeting duly called for that purpose, and as provided by the By-Laws of said corporation, selected, elected and employed said Leo B. Bowman as the president and general manager of said corporation, and by such resolution, authorized, empowered and instructed the said Leo B. Bowman as its authorized agent, president and general manager, to seek the employment of skilled mechanical and industrial engineers and inspectors for the purpose of manufacturing aircraft parts and accessories, and authorizing the said president and general manager to pay such skilled worker or workers the sum of Four Hundred Fifty Dollars ($450.00) per month, and one-sixth (1/6) of the net profits of said corporation at the end of one year from the date of such employment.

"Fourth.

"The defendant, Leo B. Bowman as such duly authorized agent, president and general manager did, on the 12th day of October, 1950, enter into an oral contract with this plaintiff whereby and under the terms of which, defendants employed the plaintiff as chief inspector for the defendant, Associated

Co., Inc., and the said Leo B. Bowman for a period of one year from said date, and agreed to pay plaintiff a salary of Four Hundred Fifty Dollars ($450.00) per month, payable semi-monthly on the 5th and 20th day of each month thereafter during said period. It was further agreed that at the end of one year from the 12th day of October, 1950, in addition to the aforesaid salary, defendants would divide and pay the net profits of the defendant, equally between the said Leo B. Bowman, president and general manager of the defendant; this plaintiff, W. W. Grissamore, Laverne Nance, F. W. Jones and Mrs. ————— McGrady, employees of said defendant.

### "FIFTH.

"Plaintiff has and did perform each and every, all and singularly, the duties and obligations devolving upon him as chief inspector of the said defendant, Associated Co., Inc., and the said Leo B. Bowman, and performed each and every duty and obligation required of him under the terms of said contract of employment, for one year from the date of plaintiff's employment as aforesaid. The defendant, Associated Co., Inc., paid to this plaintiff, the sum of Four Hundred Fifty Dollars ($450.00) per month, semi-monthly as herein alleged, for twelve (12) months from the 12th day of October, 1950 but has failed, neglected and refused to account to this plaintiff for the net profits of said defendant, Associated Co., Inc., or pay him one-sixth (1/6) of the net profits of said corporation, or any part thereof, although the defendants prospered during said period of time and made a net profit or profits of from $350,000.00 to $400,000.00 during said period.

### "SIXTH.

"Plaintiff made demand upon the defendants for an accounting for the payment of his share of the net profits of said defendant, Associated Co., Inc., as above described, in accordance with the terms of the aforesaid oral contract of employment, said demand being made upon the said Leo B. Bowman on or about the 12th day of October, 1951, and said demand was refused and denied.

### "SEVENTH.

"Plaintiff has no adequate remedy at law and is entitled to an accounting by the defendant, Associated Co., Inc., which will accurately fix and determine the profit or profits of said defendant, Associated Co., Inc., for the year beginning the 12th day of October, 1950, and ending the 11th day of October, 1951, and for a judgment for one-sixth (⅙) of the net profits found to have been made by said defendants (letter 's' stricken on defendants' motion) during said period of time, with interest at six per cent (6%) per annum on the amount found to be due plaintiff, from the 12th day of October, 1951."

Soon after the filing of the foregoing pleading it was attacked by the defendants with a motion to strike and a motion to make definite and certain. The portion of the motion asking that the letter "s" be stricken from the word defendants as it appears in the Seventh paragraph thereof, although it was sustained, is of little

importance and requires no further attention. The portion asking that the petition be made more definite and certain is of more consequence in view of the fact the trial court's overruling thereof is challenged on appeal. It reads:

"Come now the defendants and each of them and move the court for an order requiring the plaintiff to make his second amended petition, as amended, definite and certain in the following particulars, to-wit:

"1. By setting forth what is meant by the term 'net profits' as used in paragraphs Third, Fourth, Fifth, Sixth, Seventh and in the prayer.

"2. By stating whether or not the acts alleged in paragraph Fourth to have been performed by the defendant Leo B. Bowman as agent, president and general manager were performed pursuant to the authorization alleged in paragraph Third to have been given to him by the corporate defendant.

"3. By stating which defendant was by the terms of the agreement alleged in paragraph Fourth supposed to pay $450.00 per month to the plaintiff.

"4. By stating which 'said defendant' is alleged in the interlineation in paragraph Fourth to be the employer of the employees therein listed.

"5. By stating whether the demand alleged in paragraph Sixth to have been made upon Leo B. Bowman was made upon said Bowman in his individual capacity or as president and general manager of the corporate defendant."

Following the lower court's refusal to make the second amended petition, as amended, more definite and certain defendants demurred to that pleading on the ground it failed to state facts sufficient to constitute a cause of action. Thereafter, and prior to any ruling on such demurrer, plaintiff's motion to dismiss the action as to defendant Leo B. Bowman, without prejudice, was sustained. Subsequently the demurrer of the corporation, the sole remaining defendant, was overruled and it was given 20 days in which to answer. Instead of answering it perfected the instant appeal wherein, under proper specifications of error, it claims the trial court erred (1) in overruling its motion to make the second amended petition, as amended, more definite and certain and (2) in overruling its demurrer to such pleading.

Turning to appellant's first claim of error it is to be remembered that the cause was dismissed as to Bowman prior to the ruling on the demurrer. In view of such action it is certain that from that time on appellant could no longer be heard to say it did not comprehend or understand the claims asserted by appellee, or the party to whom they were intended to have reference, in portions of the pleading challenged by grounds 3, 4 and 5 of the motion to make more definite and certain. Under such circumstances error of the trial court, if any, which we do not concede, in overruling the last three grounds

of the motion did not result in prejudice to the substantial rights of the appellant and therefore, under the requirements of our statute (G. S. 1949, 60-3317), would have to be disregarded on appellate review in any event. Even so we are not averse to disposing of contentions advanced by appellant respecting the propriety of the ruling on such motion.

As we read the second amended petition, as amended, and with particular reference to grounds set forth in the motion to make more definite and certain we have little difficulty in concluding that as to: Ground I, the term "net profits" as used therein has a clear and definite meaning, *i. e.*, profits remaining to the corporation after payment of *all* its legal obligations. Ground 2, the allegations of the Fourth paragraph, when read in connection with the Third paragraph of such pleading disclose and advise appellant that Bowman entered into a contract with appellee as the duly authorized agent of the corporation, whereby appellee, at least so far as his employment was concerned, was employed by, and agreed to work for, the corporation pursuant to and in conformity with the authorization theretofore granted by its board of directors. From the standpoint of the sufficiency of pleadings we believe this conclusion is especially warranted in a case where—as here—the record discloses that the appellant itself, as has been heretofore pointed out, resisted all efforts on the part of appellee to obtain the minute books of the corporation and by that means obtain information which otherwise might have enabled him to plead the authority granted Bowman by the corporation with more definiteness and certainty. Grounds 3, 4, and 5, the allegations of such pleading charging that Bowman, as the corporation's duly authorized agent, employed appellee, followed by allegations in the Fifth paragraph thereof to the effect appellee fully performed all the terms of the contract, that the corporation paid him the sum of $450.00 per month semi-monthly for such services for twelve months, the full term of such contract, and failed, neglected and refused to account to him for one-sixth of *its* net profits, are to be construed as stating that the corporation was to pay appellee for his services; that the corporation, not Bowman, was the employer of the employees named in the Fourth paragraph; and that the demand for an accounting made upon Bowman was made upon him in his capacity as president and general manager of such corporation. With the petition so construed it necessarily follows the trial court properly overruled

the motion to make the second amended petition, as amended, more definite and certain and that appellant's claim of error to the contrary cannot be upheld.

The gist of the primary contention made by appellant in support of its second assignment of error is that in the first appeal this court ruled that the present appellee must, in order to allege a cause of action, plead essential allegations to establish Bowman's agency and authority to bind the corporation and that he has failed to comply with that mandate. Most of its contentions in support of this position are predicated upon the premise that the ruling of the trial court on its motion to make the amended petition, as amended, more definite and certain was erroneous and therefore such pleading must be strictly construed. Heretofore we have demonstrated the motion lacked merit and was properly overruled. It follows the pleading is not subject to any such construction and that all contentions based on that premise are fallacious and must be disregarded. The rule of strict construction on demurrer has no application where a pleading, or such portion thereof as is attacked by a motion to make more definite and certain, is sufficient and the motion is properly overruled. (See *Powell v. Powell,* 172 Kan. 267, 239 P. 2d 974; *Lawellin, Admr., v. Eakins,* 174 Kan. 319, 255 P. 2d 615.) Moreover we have definitely indicated our view that the involved pleading as amended states the contract, at least so far as appellee is concerned, was made and entered into pursuant to the authorization alleged in the Third paragraph of such pleading. We now hold, after an examination and analysis of such paragraph, that its allegations, which we pause to note, are new and were not to be found in the pleading passed upon in *Donie v. Associated Co.,* · *Inc.,* supra, comply with the requirements of that decision and contain the allegations essential to establish Bowman's agency and authority to enter into the contract with appellee on behalf of the appellant corporation. Thus construed we have little difficulty in concluding the petition now contains allegations sufficient to state a cause of action and that the many matters appellant seeks to have adjudicated on the basis of the trial court's ruling on the demurrer, which it may be stated we have purposely refrained from mentioning in order to avoid saying anything which might prejudice either of the parties in a trial on the merits of the cause, must be raised by appellant as defenses by way of answer. Whether appellee can sustain the burden of proving the allegations of his petition or appellant establish the defenses with respect thereto, which it now

seeks to argue in connection with questions pertaining to the propriety of the ruling on the demurrer, are not matters with which we are presently concerned. All we are now warranted in holding— as we do—is that under the facts, conditions and circumstances set forth and described in the second amended petition, as amended, the trial court did not err in overruling the demurrer to that pleading.

The judgment is affirmed.