No. 39,542

Gaylene Shanks, a Minor, by M. K. Shanks, as the Natural Guardian and Next Friend of Said Minor, *Appellant*, v. Lucille Gilkinson, *Appellee*.

(277 P. 2d 594)

Opinion filed December 11, 1954.

*Evart Garvin*, of St. John, argued the cause, and *Robert Garvin* and *Morris Garvin*, both of St. John, and *Hubert B. Sanders*, of Stafford, were with him on the briefs for the appellant.

*S. R. Blackburn*, of Great Bend, argued the cause, and *Tudor W. Hampton* and *Jerry M. Ward*, both of Great Bend, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, J.: This was an action to recover damages for personal injuries sustained by the plaintiff while riding as a passenger in the defendant's automobile. The appeal is from an order sustaining a demurrer to the petition.

The petition sets out the facts on which the propriety of the ruling on the demurrer depends and should be quoted at some length. For present purposes it suffices to recite only those allegations governing the question whether the guest statute (G. S. 1949, 8-122b) has application. So limited such pleading, which we pause to note contains allegations clearly sufficient to state a cause of action for ordinary negligence as distinguished from gross and wanton negligence, reads:

". . . That the plaintiff Gaylene Shanks was born December 22, 1940, and is now 12 years of age. That M. K. Shanks is the father, natural guardian and next friend of said minor.

"That the defendant Lucille Gilkinson was at all times hereinafter mentioned employed as Home Demonstration Agent of Stafford County, Kansas, by the Stafford County Agricultural Extension Council. That a part of the duties of the said Lucille Gilkinson, as Home Demonstration Agent of Stafford County, Kansas, consists of sponsoring, working with, and assisting 4-H Clubs of Stafford County, Kansas, and the members of the various 4-H Clubs of Stafford County. That the said Lucille Gilkinson, as Home Demonstration Agent of Stafford County, requested the Plaintiff Gaylene Shanks to attend a 4-H Club Camp to be held and conducted at Hays, Kansas, on June 4, 1952. That prior to June 4, 1952, the said Lucille Gilkinson contacted the said Plaintiff Gaylene Shanks, together with her parents M. K. Shanks, her father, and Eva Mae Shanks, her mother, and requested that the said Gaylene Shanks attend the 4-H Club Camp at Hays, Kansas, and advised the plaintiff and her parents that if the said Plaintiff Gaylene Shanks was permitted to attend the said 4-H Club Camp at Hays, Kansas, that the said Lucille Gilkinson, as Home Demonstration Agent of Stafford County, would sponsor and chaperon the said Gaylene Shanks, together with other 4-H Club members of Stafford County attending said camp; and further informed and advised the said parents of said plaintiff and the said plaintiff, that the said Lucille Gilkinson would furnish transportation for the said Gaylene Shanks from the court house at St. John, Kansas, to the 4-H Club Camp at Hays, Kansas, and return.

"Plaintiff further alleges that a part of the duties of the said Lucille Gilkinson, as Home Demonstration Agent of Stafford County, consisted in procuring members of the various Stafford County 4-H Clubs to attend the 4-H Club Camp meetings, and particularly the 4-H Club Camp meeting at Hays, Kansas, to be held on June 4, 1952; and that her duties further consisted of accompanying and sponsoring the members of various Stafford County 4-H Clubs in the attendance of said meetings, including the Plaintiff Gaylene Shanks as a member of the Corn Valley 4-H Club. That a part of the duties of the said Lucille Gilkinson, as Home Demonstration Agent of Stafford County, Kansas, consisted of furnishing transportation in her automobile to 4-H Club members of Stafford County attending 4-H Club Camps, including the 4-H Club Camp at Hays, Kansas; and, that in addition to the salary received by the said Lucille Gilkinson, the said Lucille Gilkinson was paid mileage by the Stafford County Agricultural Extension Council for transportation of Stafford County 4-H Club mem-

bers from St. John, Kansas, to the said 4-H Club Camp at Hays, and·return from said camp to St. John, Kansas. *That the mileage paid by the said Stafford County Agricultural Extension Council to the said Lucille Gilkinson included compensation and payment for the transportation of the Plaintiff Gaylene Shanks to the said 4-H Club Camp at Hays, Kansas, and return to St. John, Kansas. Plaintiff further alleges that for the month of June 1952 the Defendant Lucille Gilkinson received her salary as Home Demonstration Agent of Stafford County, Kansas, together with mileage compensation for transportation of the plaintiff together with other 4-H Club members of Stafford County, Kansas, as above set forth.*

"Plaintiff alleges *that on June 4, 1952, the Plaintiff Gaylene Shanks was brought to the Stafford County Court House at St. John, Kansas, by her mother Eva Mae Shanks, where she was met by the said Defendant Lucille Gilkinson and placed in the care of the said Lucille Gilkinson for the purpose of being transported by her, all as hereinbefore set forth, to the 4-H Club Camp meeting to be held at Hays, Kansas, on said day.* That the said Defendant Lucille Gilkinson took the said plaintiff together with three other members of Stafford County 4-H Clubs into the automobile owned by the said defendant, and on said date left the City of St. John, Kansas, enroute to Hays, Kansas, for the purpose of attending the said 4-H Club Camp meeting at Hays, Kansas, all as hereinbefore set forth . . ." (Emphasis supplied.)

Following the filing of the foregoing petition defendant moved to make it more definite and certain by setting out the facts having to do with mileage alleged to have been paid her by Stafford County in connection with her duties as Home Demonstration Agent and by stating whether in using her automobile on the particular trip in question she would receive the same mileage regardless whether she had taken passengers, including the plaintiff. This portion of the motion was overruled by the trial court and we think properly so. Another paragraph of the same motion moved to strike out certain allegations of the petition with respect to negligence with which we are not now concerned except to say that it was overruled. It appears that somewhere along the line the petition was amended but the record before us fails to disclose the amendment or how it was made. In any event the matter is of no consequence to the issues and is mentioned here solely for the purpose of showing it was not overlooked; and as a reason for continued reference to the involved pleading as the petition.

Without further attack on portions of the pleading now under consideration defendant demurred to the petition on the ground it failed to state facts sufficient to constitute a cause of action. At first this demurrer was overruled. Approximately a month later, and on its own motion, the trial court set aside its former

ruling and sustained such demurrer. Thereupon plaintiff perfected the instant appeal.

In a general way it may be stated there is no conflict between the parties regarding the primary issue involved on appellate review. All contentions advanced respecting such issue revolve around the provisions of G. S. 1949, 8-122b which reads:

"That no person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or damage, unless such injury, death or damage shall have resulted from the gross and wanton negligence of the operator of such motor vehicle."

Boiled down and stripped of all excess verbiage appellee's arguments are to the effect the allegations of the petition from which we have quoted are of such character as to compel the conclusion appellant was a guest, within the meaning of that term as used in the foregoing statute. On the other hand appellant contends the allegations of the petition, are such as to preclude application of, or bring her within the scope of such statute. The reason for the positions taken by the respective parties, although not here important or decisive of the issue, are obvious. If the statute has no application, as appellant contends, it is clear from an examination of the entire pleading she has pleaded facts sufficient to state a cause of action based on ordinary negligence. If, as appellee contends, those facts establish appellant was a guest in the automobile at the time of the accident in question it must be conceded there is grave doubt as to whether allegations of the petition are sufficient to establish the gross and wanton negligence required to recover under such statute.

In approaching a decision of the all decisive issue raised by the parties it must be remembered that a demurrer admits all facts well pleaded by the opposing party and should not be sustained unless in the face of the admitted facts it clearly appears the pleader has failed to state a cause of action. In the instant case, since the portion of the motion directed at allegations of the petition relating to application of the guest statute was properly overruled, the admitted facts must be favorably construed and given the benefit of all inferences. See, e. g., *Moffet v. Kansas City Fire & Marine Ins. Co.*, 173 Kan. 52, 244 P. 2d 228; *Morris v. Dines Mining Co.*, 174 Kan. 216, 223, 256 P. 2d 129; *Roehrman v. D. S. & O. Rural Electric Cooperative Ass'n*, 174 Kan. 498, 503, 256 P. 2d 872;

*Emrie v. Tice,* 174 Kan. 739, 258 P. 2d 332; *Donie v. Associated Co., Inc.,* 176 Kan. 95, 100, 268 P. 2d 927.

Reviewing allegations of the petition heretofore quoted in the light of the rules to which we have previously referred we do not believe it will add anything to the body of our law or serve any useful purpose to labor the allegations of such pleading. It suffices to say that when carefully analyzed such allegations, particularly those emphasized, charge in clear and concise language that by previous arrangement the mileage to be paid appellee by the Stafford County Agricultural Extension Council for the trip in question included compensation and payment for the transportation of the appellant to the 4-H Club Camp at Hays, also that appellee accepted and received mileage compensation from such Council for transporting appellant in her automobile on the date of the accident. Accepting, as we must, those well pleaded facts as true we have no difficulty in concluding that appellant was not a guest, within the meaning of that term as used in the guest statute, on the date in question and that therefore, since other allegations of the petition were sufficient to charge ordinary negligence, the trial court erred in sustaining the demurrer to the petition.

In reaching the foregoing conclusion we have purposely refrained from discussing or attempting to apply divers cases relied on by the parties which may have some bearing on their respective rights if and when this case is tried upon its merits. All we here hold is, that under the allegations of the petition when accepted as true, appellee was to receive pay on the date in question for transporting appellant in her automobile and that in that situation appellee cannot be heard to say appellant was her guest, within the meaning of that term as used in the statute, at the time of such accident.

The order and judgment of the trial court in sustaining the demurrer to the petition is reversed with directions to set such order and judgment aside.