No. 39,972

MINNIE F. CLARK, *Appellant*, v. CHARLES HILDRETH, *Appellee*.

(293 P. 2d 989)

244

Opinion filed February 29, 1956.

*Frantz G. Loriaux*, and *R. A. Munroe*, both of Augusta, argued the cause, and *Fred R. Vieux*, of Augusta, was with them on the briefs for the appellant.

*H. E. Jones*, of Wichita, argued the cause, and *A. W. Hershberger, J. B. Patterson, Richard Jones, Wm. P. Thompson*, and *Jerome E. Jones*, all of Wichita, and *R. C. Woodward*, and *H. P. Woodward*, both of El Dorado, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This was an appeal from an order of the trial court sustaining a demurrer to plaintiff's amended petition seeking recovery of damages for personal injuries she received as a result of an intersection collision.

After plaintiff filed her petition the defendant filed a motion to strike the petition, which the trial court overruled, and in the alternative the motion was (1) to require separate statements of the alleged acts of negligence and the wanton and willful conduct, to distinguish between those acts as to category, and to number each act separately; and (2) to strike references to statutes. These two grounds were sustained. Ground (3) of the motion was to strike certain parts of the first cause of action because it was not based upon *res ipsa loquitur* and because of allegations of specific negligent acts; and (4) was to require a statement of facts upon which appellant claimed wanton and willful conduct, or to strike all claim for exemplary damages for the reason that the allegations thereof were conclusions of fact and law. These two grounds were overruled.

An amended petition was filed which is attached to this opinion and made a part hereof. Defendant filed a demurrer thereto which was sustained by the trial court and reads in part as follows:

"Comes now the defendant . . . and demurs to the amended petition . . . for the reason that said petition *fails to state a cause of action* against defendant, and for the further reason that the . . . allegations . . . indicate . . . the plaintiff was guilty of contributory negligence." (Our italics.)

The trial court sustained the demurrer generally and plaintiff has appealed therefrom.

In approaching any case of this kind we are first met with one of our most familiar questions and that is the sufficiency of a pleading when a demurrer is lodged against it. Generally, a petition is liberally construed in favor of the pleader, and he is entitled to all reasonable inferences to be drawn from it. An exception to this rule occurs when a motion to make definite and certain is successfully resisted. Then the pleading must be strictly construed against the pleader as to matters covered by the motion. (*Frazier v. Cities Service Oil Co.*, 159 Kan. 655, 659, 157 P. 2d 822; *Cotter v. Freeto*, 166 Kan. 23, 26, 199 P. 2d 484; *Farmers Union Elevator Co. v. Johnson-Sampson Constr. Co.*, 174 Kan. 693, 699, 258 P. 2d 268.) This rule was stated in *Arensman v. Kitch*, 160 Kan. 783, 165 P. 2d 441, and was followed by this language:

"Its corollary, although not so frequently stated, is that when a motion to make more definite and certain has been sustained and a pleading amended, such pleading will be strictly construed and given the construction which is most unfavorable to the pleader." (p. 788.)

It might be well to note that in the Arensman case the pleading involved was an answer, but the rule stated is couched in general language so as to apply to any pleading.

We come next to an interesting, but futile contention of appellant that no motion was lodged against the amended petition and, therefore, it should fall under the liberal construction rule because our court said in *Fullington v. Goodrich*, 169 Kan. 11, 216 P. 2d 817, where the same contention was made, that,

". . . since the trial court had already overruled his motion filed against the original petition it would have been a futile and useless gesture to file an identical motion against the amended petition." (p. 13.)

In *Donie v. Associated Co., Inc.*, 173 Kan. 753, 756, 252 P. 2d 609, where this court reversed the trial court's order overruling a demurrer after a motion to make definite and certain had been lodged against the original petition, it was said,

"The court had already overruled the motion filed against the original petition, and there is nothing in the record to indicate that a like ruling would not have been made had a similar motion been filed against the amended petition . . . [citing the Fullington case, *supra*.]" (p. 756.)

Granting that contributory negligence might be raised by demurrer, such contributory negligence must appear on the face of the petition. The rule is set out in *Leabo v. Willett*, 162 Kan. 236, 175 P. 2d 109,

"The established rule in this jurisdiction is that contributory negligence is an affirmative defense which must be pleaded by the defendant in order to be available to him unless such negligence appears on the face of the petition . . . ," (p. 240.)

and in *Mason v. Banta*, 166 Kan. 445, 201 P. 2d 654, it is said,

"While ordinarily contributory negligence is an affirmative defense which must be pleaded and proved by the defendant, where the petition discloses the plaintiff's failure to use due care for his own safety, the defendant may properly demur." (p. 450.)

Appellant, for the purpose of argument but not admitting it, said that even though she might have been contributorily negligent, this was negatived by her allegations of wanton and willful conduct. The mere use of such words as wanton, standing alone, is not sufficient but there must be coupled therewith facts sufficient to establish wantonness. Wantonness is more than negligence and less than willfulness. Wanton acts complained of must not only show lack of due care but,

". . . the actor must be deemed to have realized the imminence of injury to others from his acts and to have refrained from taking steps to prevent the injury because indifferent to whether it occurred or not. Stated in another way, if the actor has reason to believe his act may injure another, and does it being indifferent to whether or not it injures, he is guilty of wanton conduct." (*Frazier v. Cities Service Oil Co.*, supra, p. 666.)

See, also, *Gesslein v. Britton*, 175 Kan. 661, 664, 266 P. 2d 263.

Appellee set out the rule that negligence where it is a naked conclusion is never admitted by a demurrer (*Snyder v. Haas*, 175 Kan. 846, 847, 267 P. 2d 467) and we agree with this rule, but from an examination of the amended petition in this case, it cannot be denied that facts were sufficiently alleged to constitute negligence and as a result we will not here labor that point.

The order of the trial court in sustaining the demurrer without giving the reason therefor brings attention to the fact that the demurrer had two grounds. If either ground was good, then the sustaining of the demurrer was correct. (*Ritchie v. Johnson*, 158 Kan. 103, 110, 144 P. 2d 925; *Bradley v. Hall*, 165 Kan. 358, Syl. ¶ 2, 194 P. 2d 943.) Of course, if neither of the grounds was good, the demurrer should have been overruled.

Earlier in this opinion the rule relative to a demurrer after a motion has been lodged against the attacked pleading is stated, but we now reach a point where contentions of the parties raise the question as to whether there are exceptions to this rule. We

should note that only those parts subjected to the motion to make definite and certain are thereafter subject to critical analysis. (*Frazier v. Cities Service Oil Co.*, supra, Syl. ¶ 5.) On appeal where a motion to make definite and certain has been overruled and a general demurrer is later lodged against the petition, a consideration of the motion must be in view of all the contents of the petition and not merely with respect to some isolated paragraph. (*Farmers Union Elevator Co. v. Johnson-Sampson Constr. Co.*, supra, p. 699.) From later language in this last cited case it is apparent that the same yardstick is used in considering a demurrer. (*Krey v. Schmidt*, 170 Kan. 86, 90, 223 P. 2d 1015.) Stated in another way, where there is only one count in a petition alleging several grounds, a general demurrer cannot be sustained if any alleged ground warrants the relief sought. (*Edwards v. Solar Oil Corp.*, 177 Kan. 219, 222, 277 P. 2d 614; *Smith v. Harris*, 178 Kan. 183, Syl. ¶ 1, 284 P. 2d 611.)

The rule of strict construction was never intended to submit a pleading to strict construction where a general demurrer follows a previously overruled unmeritorious motion. (*Powell v. Powell*, 172 Kan. 267, 269, 239 P. 2d 974.) It has also been held that where a petition fairly apprizes defendant of plaintiff's claim, it is not properly subject to a motion to make definite and certain and the rule of strict construction will not apply where a demurrer is later filed. (*Walton v. Noel Co.*, 167 Kan. 274, 276, 205 P. 2d 928.) This last cited case is somewhat analogous to the case at bar in that it presented a situation where the demurrer charged that the petition disclosed on its face that plaintiff was guilty of contributory negligence but this court there held that the demurrer was not good.

Appellee directs our attention to *Green v. Higbee*, 176 Kan. 596, 272 P. 2d 1084, but that case is hardly applicable here since it involved consideration of a demurrer to plaintiff's evidence which evidence showed numerous admissions of plaintiff's own negligence whereby recovery by him was barred. From the face of the amended petition presently under consideration, such contributory negligence was not disclosed. Any recovery by plaintiff will be based on what she proves and not on just what she alleges. What her proof may establish is another thing, and we are not presently concerned with it.

The demurrer here is general and is subject to the rules as herein

set out. We are of the opinion that the trial court erred in sustaining the demurrer on either of the grounds stated.

The judgment is reversed with directions to overrule the demurrer to the amended petition.

THIELE and PRICE, JJ., concur in the result.

HARVEY, C. J., not participating.

## "AMENDED PETITION.

"(Caption omitted.)

"Comes now the above-named Plaintiff and for her cause of action against the above-named Defendant, alleges and states:

"That she is a resident at R. R. No. 3, Leon, Butler County, Kansas; that the Defendant is a resident of R. R. No. 1, Atlanta, Butler County, Kansas, and can there be personally served with summons in this action.

### "*First Cause of Action.*

"1) That on the 15th day of November, 1953, the Plaintiff was driving a 1947 Plymouth 5-passenger, two-door automobile of which she is the co-owner; that at approximately 9:30 a. m. on that date, a Sunday, she drove west on the township road which runs beside her home on the south; that she drove at a reasonable and lawful rate of speed on the said road, which is graveled, for approximately two miles and approached an intersection of the road on which she was driving with another township road running north and south; that said intersection lies at the southwest corner of Section 29, Township 28 South, Range 6 East of the 6th P. M., in Butler County, Kansas; that she approached the intersection with due care; that she entered the intersection with due care and was in the northwest quarter of the intersection when her vehicle was struck with great force and violence on the left side, slightly forward of the door, by a pick-up truck; that said pick-up truck entered said intersection from the south, Plaintiff's left, on the left hand side of the road, proceeding in a northerly direction, at a high, excessive and dangerous rate of speed exceeding 50 miles per hour; and that said truck was then and there operated and driven by the Defendant, Charles Hildreth; that as a result of the striking of her vehicle by the pick-up truck being driven by the Defendant, the Plaintiff was thrown from her vehicle and received severe personal injuries

and suffered property damage as hereinafter enumerated and set forth.

"2) Plaintiff further says that the following acts of wanton conduct by the Defendant were the proximate cause of the injuries and property damage suffered by her, to-wit:

"(a) That the Defendant knew of the location of said intersection; that he had lived in the community for many years and at the time of the collision, lived only one and three-quarters miles from the said intersection; that he often used the road on which he was traveling at the time of the collision with Plaintiff's car; that the Defendant knew said intersection was dangerous because of the location of a house on the southeast corner of said intersection; that Defendant knew that said house obstructed his view to the east; that with said knowledge, the Defendant operated and drove his pick-up truck into said intersection at a high, dangerous and excessive rate of speed exceeding 50 miles per hour with total disregard of the consequences and a total indifference thereto and with wanton and willful disregard for the rights and safety of others and in violation of the laws of the State of Kansas.

"(b) That there were six persons in the front seat of Defendant's vehicle, one of whom was seated on Defendant's lap, that Defendant's view was obstructed by said six persons; that with full knowledge of the fact of his obstructed view Defendant drove the truck at a high, dangerous and excessive rate of speed into said intersection with total indifference to the consequences and with wanton and willful disregard for the safety and property of others and in violation of the laws of the State of Kansas.

"(c) That said six persons in the front seat of the Defendant's vehicle, one of whom was seated on the Defendant's lap while he was operating the vehicle, caused the Defendant's control of the driving mechanism of the vehicle to be interfered with in that his arm movements were restrained thus not allowing him to turn the vehicle to avoid collision with any object which might appear in his path and in that he was unable to raise his legs to depress the brake pedal to avoid such a collision.

"3) Plaintiff further says the following acts of negligence were the proximate cause of the injuries and property damage suffered by her, to-wit:

"(a) That as the Defendant approached the intersection referred to above, he negligently and carelessly failed to use reason-

able care to discover whether or not there was a car approaching said intersection from his right and that he carelessly and negligently failed to yield the right of way to Plaintiff's vehicle which was on Defendant's right and already in the intersection, and that such failure to yield the right of way was in violation of the laws of the State of Kansas;

"(b) That Defendant did not decrease the speed of his vehicle to avoid colliding with Plaintiff's vehicle and such failure was in violation of the laws of the State of Kansas.

"(c) That Defendant knew of the existence of the intersection referred to above and he knew that his view to the east was obstructed by a house near the said intersection; that Defendant knew that said intersection was a dangerous intersection and that he was driving and operating his truck at a speed greater than was reasonable under the conditions then existing and in violation of the laws of the State of Kansas.

"(d) That the Defendant was driving his vehicle to the left of the center line of said road and thus was violating the laws of the State of Kansas.

"(e) Plaintiff further states that she is unable to further specify as to the negligence of the Defendant because of amnesia or loss of memory resulting from said collision.

"4) This Plaintiff further states that the negligence of and the willful and wanton conduct by the Defendant as aforesaid, are the proximate cause of the collision described above and of the following injuries and damages to the Plaintiff:

"(a) The following personal injuries to the person and body of the Plaintiff; (1) Severe cut and laceration about the angle of the left mandible or jawbone and a severe laceration to and loss of a part of the left ear and such cuts and lacerations have healed irregularly resulting in scars and permanent disfigurement. (2) Fracture and splintering of the right clavicle or collar bone resulting in permanent injury and stiffness. (3) Separation and splintering of the left acromioclavicular joint of the collar bone resulting in permanent injury. (4) Fractures of the right first and second ribs and of the left second rib. (5) Fracture of the calcis or heel bone of the right foot resulting in arthritis in said bone and permanent injury. (6) Permanent amnesia or loss of memory and permanent injury to the brain. (7) Damage to the female generative organs resulting in permanent injury. (8) Loss of three teeth and shatter-

ing, splintering and breaking of fifteen other teeth. (9) Multiple bruises, lacerations and abrasions to the whole body of the Plaintiff. (10) Severe nervous shock resulting in Plaintiff's being extremely nervous at all times since the said accident and resulting in crying attacks, shortness of temper and emotional instability.

"That as a result of said injuries to the person of the Plaintiff, she has been damaged in the reasonable amount of $10,000.00; that as a result of the injuries above set forth, the Plaintiff has suffered severe pain and will continue to suffer pain in the future and has thus been damaged in the reasonable amount of $5,000.00; that as a result of the injuries above set forth and as a result of the scars, permanent injuries and disfigurement, the Plaintiff has suffered severe mental anguish and has thus been damaged in the reasonable amount of $5,000.00; that the said Plymouth automobile, of which Plaintiff is co-owner, was reasonably worth the sum of $750.00 immediately before the collision with the truck of the Defendant, and that immediately after the said collision and as a direct result thereof, the said automobile was reasonably worth $50.00 and thus Plaintiff has been damaged in the reasonable amount of $700.00; that Plaintiff's clothing and eyeglasses were totally destroyed and damaged and that the cost to replace same is $150.00 and thus Plaintiff has been damaged in the reasonable amount of $150.00; that the Plaintiff has had hospital and medical attention for the injuries above set forth and will have future hospital and medical attention in the reasonable amount of $5,000.00 and has thus been damaged in the reasonable amount of $5,000.00; that as a result of the wanton and willful conduct of said Defendant, Plaintiff is entitled to an award of exemplary damages in the amount of $5,000.00.

"Second Cause of Action.

"1) That this Plaintiff includes all of the pertinent factual allegations contained in her first cause of action in this, her second cause of action, as fully as though set out herein.

"2) That said Plaintiff is, and was at all times pertinent hereto, married and living with her husband, Lloyd C. Clark at R. R. No. 3, Leon, Butler County, Kansas; that she was, before the injuries above set forth and described, doing all the necessary housework and also doing farmwork for said husband and their three minor children; that, by reason of said injuries she was totally disabled for a period of four months and was totally unable to do work for that period that she is now and will forever be partially disabled and as a conse-

quence thereof, will be unable to perform said work that she brings this, her second cause of action against said Defendant, for and on behalf of her husband for the loss of her services, in the sum of $10,000.00.

"WHEREFORE, Plaintiff prays for a judgment of this Court against the Defendant, Charles Hildreth, in the sum of $25,850.00 for actual damages, the sum of $5,000.00 as exemplary damages and the sum of $10,000.00 for loss of services, being a total of $40,850.00, the costs of this action and such other and further relief as to the Court may seem fit and proper."