No. 40,328

ENOS VAN ROYEN, *Appellee*, v. FRED OSBORN, *Appellant*.

(309 P. 2d 680)

Opinion filed April 6, 1957.

Laurence M. Turner, of Moline, argued the cause, and Darrel H. Vinette, and Kathryn S. Tarwater, both of Howard, were with him on the briefs for the appellant.

Richard W. Moss, of El Dorado, argued the cause, and William E. Cunning-ham and William R. Howard, both of Arkansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from an order of the trial court over-ruling appellant's demurrer to appellee's petition.

The petition substantially stated that on April 22, 1953, appellee was in appellant's employ as a truck driver. He was sent to Wichita in appellant's truck to pick up a load of canned oil and sacked feed and to return to appellant's place of business in Elk Falls with the load. On the return trip the state highway patrol gave appellee a summons to appear before a justice of the peace in Augusta at 8:00 p. m. on April 23, 1953, because the truck was overloaded. Appellee drove on to Elk Falls and notified appellant, his employer, of the circumstance. Appellant ordered appellee to be ready to attend the court of the justice of the peace in appellant's company and appellant would furnish transportation to Augusta. Pursuant to the above instructions appellee met appellant and they started driving to Augusta in appellant's automobile. Appellee sat on appellant's right and on appellee's right was Thomas S. Baughman who went along. All three were in the front seat. As they pro-ceeded west on highway 96 toward Augusta at about 7:40 p. m. on April 23, 1953, it was dark and raining; the blacktop was slick and visibility was poor; appellant was driving in excess of seventy miles per hour; approximately eight miles west of Leon appellant, while driving in a negligent, careless, reckless and willful manner at an extremely high and dangerous rate of speed, crashed into the rear of a Plymouth automobile stalled on the highway. The taillights of the automobile were burning at the time and the owner of said automobile stood at the rear thereof flagging traffic with a lighted flashlight.

As a result of the collision, appellee was severely and perma-nently injured, which injuries were directly due to and were proxi-mately caused by appellant's active and positive negligence. It was further alleged that prior to the collision appellee was healthy, robust, active, and able-bodied and he earned $45.00 a week as a truck driver in appellant's employ. Appellee's injuries were de-

scribed. They resulted in the hospitalization of appellee and required continuing medical attention. They had caused him temporary and permanent pain and suffering and temporary and permanent disability. Appellee was off work for forty-seven weeks and had lost earnings of $2,115.00. His doctor and hospital bills totaled $410.74 and future damages of like character would be in the sum of $15,000. All these items totaled $17,525.74.

There was a motion to strike portions of the petition and to make those portions thereof pertaining to the elements of damages, definite and certain. This motion was overruled in its entirety and appellant filed a general demurrer to the petition, which was also overruled by the trial court, and appellant appealed.

Appellant contended in the court below, and likewise contends on appeal, that he is entitled to strict construction of the petition by reason of the previous motion to strike and make definite and certain and that the petition shows on its face that appellee was a guest in appellant's automobile and, as a matter of law, he cannot recover because of our guest statute (G. S. 1949, 8-122b) which reads:

"That no person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or damage, unless such injury, death or damage shall have resulted from the gross and wanton negligence of the operator of such motor vehicle."

It is conceded there is no question of gross or wanton negligence involved herein. The only question is whether appellee was a guest under the allegations of the petition.

At the outset we will dispose of the proposition of strict construction of the petition as stressed by appellant. A motion to strike is not a motion to make definite and certain and will not invoke the rule of strict construction because the former involves allegations of redundant and irrelevant matter while the latter involves allegations which are so indefinite and uncertain that the nature of the charge is not apparent. (G. S. 1949, 60-741.) In considering a motion to make definite and certain, such motion must be meritorious and must be successfully resisted and if it is, then only those portions of the pleading assailed thereby are consequently subject to strict or critical construction or analysis, and a general demurrer later leveled against the pleading must be considered in view of all the contents and not merely with respect to some isolated paragraph. No extensive citation of authority on

this familiar rule is necessary. One of our more recent cases is *Clark v. Hildreth,* 179 Kan. 243, 293 P. 2d 989. As already stated, the only part attacked by the motion to make definite and certain was the allegation as to damages. The ruling thereon was within the sound discretion of the trial court (*Parrack v. Wittman,* 180 Kan. 193, 302 P. 2d 1005) and the record does not disclose any prejudice resulting to appellant therefrom. Thus the doctrine of strict construction is not applicable.

This brings us to the basic question here involved which is whether the status of appellee at the time of the accident was that of a guest in appellant's car. It is conceded that should it be determined that appellee was a guest, the petition did not allege gross or wanton negligence, as is required under the guest statute, but alleged only negligent acts of appellant.

At the time appellee was served with the summons he was acting in compliance with and under the directions of his employer. We are not impressed with appellant's argument that directions to do an illegal act suspended the relationship of employer and employee. Further, it should be noted that the employer directed his employee to be ready at a certain time to go with him to answer the charges in the court of Augusta. There is no showing on the face of the petition that the trip would have been made by the employer irrespective of whether the employee went or not (*Pilcher v. Erny,* 155 Kan. 257, 260, 124 P. 2d 461) and the trip was definitely not for the mutual pleasure of appellant and appellee. (*Bedenbender v. Walls,* 177 Kan. 531, Syl. ¶ 6, 280 P. 2d 630.)

Our previous decisions have consistently held that the guest statute is inapplicable when one rides in an automobile owned and operated by another and the driver receives compensation—whether paid by the rider or by someone on his behalf. (*Shanks v. Gilkinson,* 177 Kan. 225, 277 P. 2d 594.) Compensation or payment may consist not only of actual cash remuneration but is sufficient if the driver receives a direct benefit (*Elliott v. Behner,* 146 Kan. 827, 73 P. 2d 1116; *LeClair v. Hubert,* 152 Kan. 706, 107 P. 2d 703; *Srajer v. Schwartzman,* 164 Kan. 241, 188 P. 2d 971; *Sparks v. Getz,* 170 Kan. 287, 225 P. 2d 106.)

Since the relationship of employer and employee existed, we have sufficient reason for determining that the guest statute does not here apply. (*Hartman v. Orcutt,* 139 Kan. 785, 33 P. 2d 133; *Leonard v. Maryland Casualty Co.,* 158 Kan. 263, 146 P. 2d 378.)

We could go further and say that the employer would be directly interested in the outcome of the proceedings in Augusta but in view of what has already been said, we do not deem a detailed discussion of this necessary.

The judgment is affirmed.